COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Annunziata and Overton
Argued at Richmond, Virginia

ANTONIO MAURICE ROBINSON
                                        OPINION BY
v.        Record No. 1693-97-2    JUDGE JERE M. H. WILLIS, JR.
                                        AUGUST 11, 1998
COMMONWEALTH OF VIRGINIA

        FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Donald W. Lemons, Judge

        (James L. Banks, Jr.; Maloney, Huennekens,
        Parks, Gecker & Parson, on brief), for
        appellant.

        Richard Barton Campbell, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


        On appeal from his convictions of abduction and rape,

Antonio Maurice Robinson contends that the trial court erred in

denying his motion to dismiss the indictments on the ground that

he was denied his statutory right to a speedy trial.[1]  We find no

error and affirm the judgment of the trial court.

                              I.

                          BACKGROUND

        On November 21, 1996, the general district court found

probable cause and certified charges of rape and abduction to the

grand jury.  On January 6, 1997, the grand jury indicted Robinson

_____

        [1]Robinson does not contend that he was denied his right to a
speedy trial under the United States Constitution or the Virginia
Constitution.  See U.S. Const. amend. VI; Va. Const. art. I, § 8.
 Therefore, we confine our analysis to the application of Code
§ 19.2-243.

on those charges.  The charges were scheduled for trial on January 22, 1997.

On January 22, 1997, upon joint motion of the Commonwealth and Robinson, the trial court continued the case to February 13, 1997.  On February 13, 1997, on the Commonwealth's motion and with Robinson making no objection, the trial court continued the case to March 28, 1997.  On March 27, 1997, on the Commonwealth's motion and over Robinson's objection, the trial court continued the case to April 25, 1997.  On April 25, 1997, on Robinson's motion, the trial court continued the case to May 15, 1997.  On May 15, 1997, on Robinson's motion, the trial court continued the case to May 23, 1997, when trial commenced.  Throughout the proceedings, Robinson was held continuously in custody.

Prior to trial, Robinson moved to dismiss the charges on the ground that the Commonwealth failed to commence his trial within the statutorily-required time.  The trial court denied this motion and convicted Robinson of rape and abduction.

## II.

### COMPUTATION OF THE STATUTORY PERIOD

Code § 19.2-243 provides, in pertinent part:
> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .
>
> The provisions of this section shall not

apply to such period of time as the failure
to try the accused was caused:

　　*　　*　　*　　*　　*　　*　　*

4.  By continuance granted on the motion of
the accused or his counsel, or by concurrence
of the accused or his counsel in such a
motion by the attorney for the Commonwealth,
or by the failure of the accused or his
counsel to make a timely objection to such a
motion by the attorney for the Commonwealth,
. . . .

Under Code § 19.2-243, the Commonwealth must commence trial within five months, which "translates to 152 and a fraction days."  Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995).  The five-month period begins to run on the day after the preliminary hearing at which probable cause is found.  Randolph v. Commonwealth, 22 Va. App. 334, 335, 470 S.E.2d 132, 133 (1996).  Any delays that are chargeable to the defendant are subtracted from the total number of days that elapse from the day after the finding of probable cause to the commencement of trial.  If the time thus calculated exceeds 152 and a fraction days, the defendant "shall be forever discharged from prosecution for such offenses."  Code § 19.2-243.

Our inquiry involves "a review of the whole record and consideration of the trial court orders in the context of the record that comes before us."  Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (en banc).  Strict adherence to the statutory time requirement is tempered by the provisions setting forth specific circumstances excusing the Commonwealth's

failure to bring an accused to trial within the prescribed time.
However, "it is the prosecution which has the responsibility of
vindicating society's interests in swift and certain justice,"
Fowlkes v. Commonwealth, 218 Va. 763, 766, 240 S.E.2d 662, 664
(1978) (footnote omitted), and the burden of demonstrating that a
delay in commencing trial is excused under Code § 19.2-243 lies
upon the Commonwealth.  Godfrey v. Commonwealth, 227 Va. 460,
463, 317 S.E.2d 781, 782 (1984).

### III.

### ANALYSIS OF THE CONTINUANCES

The five-month statutory period began to run in this case on
November 22, 1996, the day after the general district court found
probable cause that Robinson committed the felonies.  Thus,
absent excusable delay, the Commonwealth was required to commence
trial on or before April 22, 1997.  Because Robinson's trial was
not commenced until May 23, 1997, thirty-one days after the
statutorily-fixed date, we examine each of the five continuances
to determine whether the Commonwealth has shown that the delay
was excused under the statute.

(1) On January 22, 1997, Robinson and the Commonwealth's
attorney moved jointly for a continuance.  The trial court
granted their motion and continued the case to February 13, 1997.
This continuance, granted upon Robinson's motion, tolled the
statutory period.  Code § 19.2-243(4).  Thus, as Robinson
concedes, the twenty-two day delay caused by this continuance is

chargeable to him.  See Shearer v. Commonwealth, 9 Va. App. 394, 400, 388 S.E.2d 828, 830-31 (1990).

(2) On February 13, 1997, upon the Commonwealth's motion and without objection by Robinson, the trial court continued the case to March 27, 1997.  This delay consumed forty-two days.  Robinson contends that this delay should be charged to the Commonwealth.

In Pittman v. Commonwealth, 10 Va. App. 693, 395 S.E.2d 473 (1990), we held that a continuance granted to the Commonwealth without objection by the defendant did not toll the statutory time period.  Id. at 695, 395 S.E.2d at 474.  We noted as follows:

> In Flanary [v. Commonwealth, 184 Va. 204, 35 S.E.2d 135 (1945),] the Supreme Court stated: "We have found no case in Virginia which holds that the accused waives his right [to a speedy trial] simply by failing to oppose a motion for a continuance made by the Commonwealth."  When the accused and his attorney do not object to a continuance, it is not the same as the accused being a proponent of the continuance.  In Fowlkes v. Commonwealth, 218 Va. 763, 240 S.E.2d 662 (1978), the Supreme Court reaffirmed Flanary.  In Fowlkes, the Court noted that the rule that a defendant can stand mute without waiving his right to a speedy trial was established in Virginia law almost thirty years prior to Barker v. Wingo, 407 U.S. 514 (1972).  In Virginia, one does not relinquish constitutional rights by mere silence; there must be an affirmative act.

Id. (citations omitted).

However, in 1995, the General Assembly amended Code § 19.2-243(4), and provided that the statutory period shall be tolled by "the failure of the accused or his counsel to make a

- 5 -

timely objection to such a [continuance] motion by the attorney for the Commonwealth . . . ."  1995 Va. Acts cc. 37, 352. Robinson made no timely objection to the Commonwealth's motion or to the granting of that motion by the trial court.  Accordingly, the delay resulting from this continuance is charged to Robinson.

(3) As the Commonwealth concedes, the third continuance granted by the trial court from March 27, 1997, to April 25, 1997, did not toll the statute.  The Commonwealth moved for the continuance and Robinson objected.

(4) The fourth and fifth continuances were granted on Robinson's motion and facially are chargeable to him.  Thus, the resulting twenty-eight day delay is attributable to Robinson. Code § 19.2-243 states unequivocally that "[t]he provisions of this section shall not apply to such period of time as the failure to try the accused was caused:  . . . [b]y continuance granted on the motion of the accused or his counsel."  See Stinnie v. Commonwealth, 22 Va. App. 726, 473 S.E.2d 83 (1996) (en banc) (holding that delays granted an accused for trial preparation "are not inherent in the orderly process of fixing a trial date and will extend the statutory time limitation for the commencement of the trial").

Robinson argues that need for the April and May continuances was imposed upon him because the Commonwealth failed to transport to trial a defense witness held in a detention facility.  We agree that prosecutorial efforts intended to hinder or impede the

operation of an accused's right to a speedy trial will not be tolerated.  Cf. Fowlkes, 218 Va. at 767, 240 S.E.2d at 664.

However, beyond Robinson's bald assertions in his motion to dismiss, the record makes no disclosure of the circumstances under which Robinson sought the two continuances.  The record contains no showing that the defense witness was, in fact, not present, or, if not, why he was not present.  The record contains no showing as to what efforts, if any, Robinson made to secure the appearance of the witness before moving for a continuance.  The record contains no showing as to why the motions were granted.  The transcript of the proceedings on Robinson's motion to dismiss contains no showing as to why Robinson made the motions to continue.  A court speaks through its written orders. Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964).  The relevant orders state simply that Robinson's motions for continuances were granted.  Those orders were endorsed by Robinson's counsel.

While the Commonwealth must prove that a given delay was excusable under the statute, the appellant has the responsibility of providing us with an adequate record.  See Ferguson v. Commonwealth, 10 Va. App. 189, 194, 390 S.E.2d 782, 785, aff'd in part, rev'd in part on other grounds, 240 Va. ix, 396 S.E.2d 675 (1990).  The record establishes that the orders granting the fourth and fifth continuances were entered upon Robinson's motions and that the Commonwealth objected to the second of those

motions.  Thus, the resulting twenty-eight day delay is chargeable to him.

The Commonwealth commenced trial against Robinson 183 days after the general district court made its finding of probable cause.  Ninety-two days of that period are chargeable to Robinson.  Thus, only ninety-one days chargeable to the Commonwealth expired from the finding of probable cause in the general district court to the commencement of trial.  Code § 19.2-243 was satisfied.  The judgment of the trial court is affirmed.

Affirmed.