COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Senior Judge Baker
Argued at Richmond, Virginia


JAMES MARLON WINN, IV

MEMORANDUM OPINION[*] BY

v.          Record No. 0996-98-2          JUDGE JOSEPH E. BAKER
                                          MAY 18, 1999

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Robert W. Duling, Judge

Esther J. Windmueller for appellant.

Eugene Murphy, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


James Marlon Winn, IV (appellant) appeals from an order of

the Circuit Court of the City of Richmond (trial court) requiring

that he post $1,000 of a $10,000 "appeal" bond in cash.[1]

Appellant is indigent. At oral argument, appellant conceded the

trial court's authority to set reasonable post-conviction bail,

including requiring a cash "freedom" bond to secure the bail. See

Code § 19.2-319. Likewise, the Commonwealth conceded that the

trial court could not require appellant to post a cash appeal

---

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

[1]Appellant's petition for appeal of the underlying criminal conviction was denied by this Court and is currently pending before the Virginia Supreme Court.

bond.  See Code §§ 19.2-322.1 and 8.01-676.1(K).[2]  Thus, the sole question for appeal is whether the trial court was setting an appeal bond or a "freedom" bond.

At the April 8, 1998 hearing, to refresh the judge's memory of what had happened, counsel for appellant advised the court that "[a]n appeal bond [had been] set in the amount of $10,000; $2,000 of which was to be cash."  The trial court did not question or correct counsel's use of the term "appeal bond."  Counsel for appellant also referred to Code § 8.01-676.1, which solely addresses appeal bonds, without comment from the court.  Finally, the trial court's April 8, 1998 order provides:  "An appeal bond is set at $10,000, with surety, $1,000 of said bond to be posted in cash."[3]

"A court speaks through its written orders."  Robinson v. Commonwealth, 28 Va. App. 148, 155, 502 S.E.2d 704, 708 (1998). While the April 8 hearing record is somewhat ambiguous, the trial court, perhaps unintentionally, entered an order expressly setting a cash "appeal bond."  Because appellant was indigent, this was prohibited by statute.[4]  Accordingly, the trial court's decision

---

[2]Code § 8.01-676.1(K) provides that "[n]o person who is an indigent shall be required to post security for an appeal bond."

[3]The trial court agreed to reduce the cash portion from $2,000 to $1,000.

[4]We do not address appellant's claim, raised for the first time on appeal, that the trial court's ruling violated his Eighth Amendment rights.  See Rule 5A:18.

is reversed, and the matter is remanded to the trial court with instructions to take all necessary steps consistent with this opinion.

<u>Reversed and remanded.</u>