COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Frank and Clements
Argued at Richmond, Virginia


RONALD LAMAR MITCHELL
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1738-00-2          JUDGE JAMES W. BENTON, JR.
                                         JUNE 12, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                     L.A. Harris, Jr., Judge

          (Brice E. Lambert; Leonard W. Lambert &
          Associates, on brief), for appellant.
          Appellant submitting on brief.

          Richard B. Smith, Senior Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     The sole issue raised by this appeal is whether Ronald Lamar

Mitchell was tried in violation of his right to a speedy trial as

provided by Code § 19.2-243.  We affirm the conviction.

                               I.

     Mitchell, a juvenile, was arrested for robbery and use of a

firearm in the commission of the robbery.  At a preliminary

hearing on October 4, 1999 in the juvenile and domestic relations

district court, a judge certified the charges to the grand jury

and remanded Mitchell to the custody of the Sheriff.  On November

8, 1999, after the grand jury returned indictments, the trial

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

judge scheduled the trial for December 7, 1999.  The order noted that Mitchell's attorney was not present.

The trial did not occur on December 7, 1999.  The trial judge entered an order that states Mitchell "was receiving medical treatment at a Diagnostic Center" and was not present in court on December 7.  The order continued the trial to January 26, 2000; it notes that Mitchell's attorney was present; and it does not indicate that Mitchell's attorney objected to the continuance.

The trial judge again continued the trial from January 26, 2000 to March 8, 2000.  The order recites that the circuit court was closed January 26 due to inclement weather.  The order contains no indication that notice of the order was given to Mitchell, his attorney, or the prosecutor.

On the day of trial, March 8, 2000, Mitchell's attorney moved to discharge Mitchell from prosecution and alleged that Mitchell's right to a speedy trial had been violated.  He argued that Mitchell was in custody and that March 8, 2000 was four days beyond the statutory 152 days in which the Commonwealth was required to try the case.  The trial judge denied the motion. Mitchell then entered a conditional plea of guilty to the charge of robbery, preserving the right to appeal the judge's ruling on his speedy trial motion pursuant to Code § 19.2-254.  By agreement, the Commonwealth did not prosecute Mitchell for the firearm charge.

-

II.

In pertinent part, Code § 19.2-243 provides as follows:

>     Where a . . . court has found that there
> is probable cause to believe that the
> accused has committed a felony, the accused,
> if he is held continuously in custody
> thereafter, shall be forever discharged from
> prosecution for such offense if no trial is
> commenced in the circuit court within five
> months from the date such probable cause was
> found . . . .
>
>         *   *   *   *   *   *   *
>
>     The provisions of this section shall not
> apply to such period of time as the failure
> to try the accused was caused:
>
> 1.  By his insanity or by reason of his
> confinement in a hospital for care and
> observation . . . .

The record establishes that the initial trial date of December 7, 1999, was well within the statutorily permissible range.  By the trial judge's order, that date was changed to January 26, 2000, which was also within the permissible statutory range.  Although Mitchell argues on brief that "the lack of transportation, not the medical treatment, . . . forced the court to continue the case" on December 7, 1999, the recital in the order, that Mitchell "was receiving medical treatment at a Diagnostic Center," is a verity.  It is unrefuted by any evidence or objection in the record.  See Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986).

In construing Code § 19.2-243, which is the legislative determination of what constitutes a speedy trial, see Flanary v.

-

Commonwealth, 184 Va. 204, 208, 35 S.E.2d 135, 137 (1945)

(discussing former Code § 4926), the Supreme Court held as

follows:

> [T]he exceptions in the speedy trial statute
> are not meant to be all-inclusive, but that
> others of a similar nature were
> implied. . . .
>
> "The truth is the statute never meant by its
> enumeration of exceptions, or excuses for
> failure to try, to exclude others of a
> similar nature or in pari ratione; but only
> to enact if the Commonwealth was in default
> . . . without any of the excuses for the
> failure enumerated in the statute, or such
> like excuses, fairly implicable by the
> Courts from the reason and spirit of the
> law, the prisoner should be entitled to his
> discharge."

Stephens v. Commonwealth, 225 Va. 224, 230, 301 S.E.2d 22, 25

(1983) (citation omitted).

The trial judge's order continuing the trial from December

7, 1999 to January 26, 2000 recites a reason sufficiently

similar to the medical treatment provision enumerated in the

speedy trial statute to bring that continuance within the spirit

of the statute.  Thus, we hold that, for the period December 7,

1999 to January 26, 2000, the failure to hold Mitchell's trial

was caused by a continuance due to his confinement for medical

care as recognized by Code § 19.2-243(1).

We also note that Mitchell's attorney did not object to

this continuance.  As amended in 1995, the speedy trial statute

now states, "[t]he provisions of this section shall not apply to

-

such period of time as the failure to try the accused was caused . . . by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth . . . ."  Code § 19.2-243(4).  In Robinson v. Commonwealth, 28 Va. App. 148, 155, 502 S.E.2d 704, 708 (1998), we held that the failure to make a timely objection to a continuance caused "the delay resulting from this continuance [to be] charged to" the defendant.  Id. at 154, 502 S.E.2d at 707.  In a similar vein, the Supreme Court recently ruled that "[w]hen a defendant . . . acquiesces in an order that effectively continues a case, the five-month speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order."  Heath v. Commonwealth, 261 Va. 389, 393, 541 S.E.2d 906, 908 (2001).

When the time period of this continuance is factored out of the period required to bring this case to trial on March 8, 2000, the record plainly establishes that Mitchell was tried within "[t]he five month requirement . . . [which] translates to 152 and a fraction days."  Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995).  Accordingly, we affirm the conviction.

Affirmed.

-