COURT OF APPEALS OF VIRGINIA

Present:    Judges Benton, Humphreys and Clements
Argued at Chesapeake, Virginia


MARK ANTONIO WALLACE

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 2177-04-1             JUDGE JEAN HARRISON CLEMENTS
                                                    OCTOBER 18, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
C. Peter Tench, Judge

        Charles E. Haden for appellant.

        Michael T. Judge, Assistant Attorney General (Judith Williams
        Jagdmann, Attorney General; Amy L. Marshall, Assistant Attorney
        General, on brief), for appellee.


        Mark Antonio Wallace was indicted and convicted in a jury trial of abduction, in violation

of Code § 18.2-47; burglary, in violation of Code § 18.2-89; and malicious wounding, in violation

of Code § 18.2-51.  On appeal, Wallace contends the trial court erred in denying his motion to

dismiss the indictments under the speedy trial provisions of Code § 19.2-243.  We disagree and

affirm.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1413, this opinion is not designated for publication.

# I.  BACKGROUND

The relevant procedural history of this case is not in dispute.  On June 28, 2003, Wallace was arrested on charges of abduction, burglary, and malicious wounding.  At the preliminary hearing on July 29, 2003, the juvenile and domestic relations district court found probable cause to believe that Wallace committed all three charged offenses.  The court certified the charges to the grand jury.  Wallace was represented at the hearing by appointed counsel Leon R. Sarfan.  The grand jury indicted Wallace on the three charges on August 11, 2003, and trial was set for September 12, 2003.

On August 25, 2003, Wallace moved the trial court "for leave to substitute counsel."  By order entered the same day, the trial court granted the motion, substituted David B. Olson as Wallace's counsel, and continued the case, "on motion of the defendant," until the September 8, 2003 "docket call" for scheduling of "a date certain for trial by jury."

As reflected in Wallace's subsequently filed motion to dismiss for lack of a speedy trial, the trial was then apparently set at the September 8, 2003 "docket call" for November 11, 2003.  The record does not include a transcript or written order memorializing this proceeding.

By order entered November 3, 2003, the trial court then continued the case, "[o]n motion of the defendant, by counsel," until the December 8, 2003 "docket call."  No transcript of this proceeding is in the record; however, Wallace's motion to dismiss for lack of a speedy trial indicates that Wallace's counsel, Olson, "asked for a continuance . . . in order to review medical records."  Although Wallace's motion to dismiss for lack of a speedy trial further indicates that the request for a continuance was granted "over [Wallace's] objection" and that Wallace "had written to his attorney that he absolutely did not want a continuance," nothing else regarding Wallace's objection exists in the record.

As further reflected in Wallace's motion to dismiss for lack of a speedy trial, the trial was apparently set at the December 8, 2003 "docket call" for February 23, 2004. The record does not contain a transcript or written order memorializing this proceeding.

On January 8, 2004, attorney James B. Thomas, who was retained by Wallace, moved the trial court to permit Olson to withdraw and to substitute him as Wallace's counsel. The court granted the motion on January 9, 2004. Apparently, this substitution did not require a continuation of the trial date.

On February 23, 2004, the Commonwealth moved for a continuance, which the trial court granted "over [Wallace's] objection." Trial was set for April 26, 2004.

On April 15, 2004, Wallace, who had been continuously incarcerated since the preliminary hearing, filed a motion to dismiss the indictments pursuant to the speedy trial provisions of Code § 19.2-243. Wallace argued in the motion as follows:

> The Defendant charges that the time frame between July 29, 2003 and November 3, 2003 should not count toward him since he did not ask for a substitution of counsel, nor did he concur in such a request. Furthermore, on November 3, 2003, a continuance was granted on the motion of his attorney over his objection. The Defendant had written to his attorney that he absolutely did not want a continuance.

The trial court conducted a hearing on Wallace's motion on April 26, 2004. At that hearing, Wallace's counsel stated:

> I think I'm the third attorney in this. First there was Mr. Sarfan, and then he, I think, was relieved by Mr. Olson, and then Mr. Olson set a date certain for trial and then asked for a continuance based on one – some other evidence. My client did not concur in that motion for a continuance. As a matter of fact, he sent a letter to Mr. Olson telling him specifically he did not want the continuance.
> And based on that, we don't feel that the continuance that Mr. Olson got on his behalf should be held against him, and for that purpose, and for that reason, we would ask the Court to dismiss the charges against him because of lack of speedy trial.

In response, the prosecutor stated: "The Commonwealth didn't receive a copy of the letter. The Court didn't receive a copy of the letter." No letter or other evidence was presented at the hearing. The trial court denied the motion, and a jury trial commenced.

On April 27, 2004, Wallace was found guilty on all three charges. This appeal followed.

## II. ANALYSIS

Wallace contends his right to a speedy trial under Code § 19.2-243 was violated because neither of the two delays at issue in this case is attributable to him.[1] Specifically, he argues on appeal, as he did below, solely that (1) the period of delay resulting from the substitution of attorney Olson for attorney Sarfan on August 25, 2003, is not attributable to him because he did not request or concur in that substitution, and (2) the period of delay resulting from the granting of his counsel's motion for a continuance on November 3, 2003, is not attributable to him because he did not concur in that continuance.[2] We disagree.

The time limitation for the commencement of felony trials is governed by Code § 19.2-243, which provides in pertinent part as follows:

> Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .

---

[1] The parties agree that the February 23, 2004 continuance of the trial date to April 26, 2004, was not attributable to Wallace.

[2] As framed by Wallace in his appellate issues and arguments, the delay resulting from the substitution of attorney Olson for attorney Sarfan on August 25, 2003, encompasses that period of time from September 12, 2003, the originally scheduled trial date, to November 11, 2003, the date to which the trial was apparently continued, a period of 60 days, and the delay resulting from the continuance granted November 3, 2003, encompasses that period of time from November 11, 2003, to February 23, 2004, the date to which the trial was then apparently continued, a period of 104 days.

"The five[-]month requirement of Code § 19.2-243 translates to 152 and a fraction days." Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995). When a defendant has not been brought to trial within that time period, "the Commonwealth has the burden to satisfactorily explain the delay or the prosecution will be dismissed. Any delay in the trial, however, [that] is attributable to the defendant will not be counted in determining whether the Commonwealth complied with the statutory speedy trial mandate." Shearer v. Commonwealth, 9 Va. App. 394, 399, 388 S.E.2d 828, 830 (1990). Thus, in determining whether the five-month requirement has been met, "[a]ny delays that are chargeable to the defendant are subtracted from the total number of days that elapse from the day after the finding of probable cause to the commencement of trial." Robinson v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998).

"Code § 19.2-243 enumerates [various] reasons for a delay [that] will be attributable to the defendant." Shearer, 9 Va. App. at 399, 388 S.E.2d at 830. Code § 19.2-243(4), for example, states in relevant part that the statute's five-month speedy trial requirement is tolled if the delay is caused by a "continuance granted on the motion of the accused or his counsel."

Here, 272 days elapsed between the time the juvenile and domestic relations district court found probable cause to believe that Wallace committed the three charged felonies and the commencement of Wallace's trial on those charges. Thus, in order for the Commonwealth to meet the five-month requirement of Code § 19.2-243, at least 119 days of delay must be attributable to Wallace. Because neither of the delays at issue, by itself, is at least 119 days in length, both delays must be attributable to Wallace to satisfy the statute's mandate.

To determine whether the two delays at issue are attributable to Wallace, "we look to the court's orders explaining the delays in proceeding to trial. We may also look to the rest of the record to assess the responsibility for delay that caused 'the failure to try the accused' within the

- 5 -

time frame mandated by statute." Heath v. Commonwealth, 32 Va. App. 176, 181-82, 526 S.E.2d 798, 800-01 (2000) (en banc) (citation omitted) (quoting Stinnie v. Commonwealth, 22 Va. App. 726, 729, 473 S.E.2d 83, 84 (1996) (en banc)), aff'd, 261 Va. 389, 541 S.E.2d 906 (2001); see also Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 894-95 (1993) (noting that "the proper assessment and determination of the merits of a Code § 19.2-243 claim involve a review of the whole record," not just the court's orders).

Upon reviewing the entirety of the record and applying the principles set forth above, we conclude that both delays are attributable to Wallace. We first note that Wallace's claim that the delay resulting from the substitution of counsel on August 25, 2003, is not attributable to him because *he did not request or concur in that substitution* is unsupported by the record. To the contrary, the record clearly shows that he was the moving party in the substitution proceeding. The motion to substitute counsel specifically states, "This day came the Defendant, by counsel, and moved the Court for leave to substitute counsel . . . ." The trial court's August 25, 2003 order granting the substitution expressly indicates that, consequent to the substitution of counsel, the matter was continued, "on motion of the defendant," until the September 8, 2003 "docket call" for scheduling of "a date certain for trial by jury." "A court speaks through its written orders." Robinson, 28 Va. App. at 155, 502 S.E.2d at 708.

Moreover, Wallace's claim that the delay resulting from the substitution of counsel on August 25, 2003, is not attributable to him because he did not ask for or concur in that substitution, flies in the face of the provision of Code § 19.2-243(4) that states that Code § 19.2-243's five-month requirement does not apply to a period of time caused by a continuance "granted on the motion of the accused *or his counsel*." (Emphasis added.) The record makes clear that attorney Sarfan was acting as Wallace's counsel at the time of the August 25, 2003 substitution motion, and Wallace makes no claim to the contrary. Thus, even were we to accept Wallace's unsupported

- 6 -

assertion that he did not concur with his attorney's actions with regard to the substitution of counsel, the delay resulting from the substitution of Wallace's counsel is still attributable to Wallace for speedy trial purposes. See also Shearer, 9 Va. App. at 402, 388 S.E.2d at 832 ("Defense counsel may . . . request or concur in a continuance without the consent or presence of a defendant and a defendant will be bound by counsel's [request or] assent to the delay.").

For the same reasons, we reject Wallace's claim that the period of delay resulting from the granting of the motion for a continuance on November 3, 2003, is not attributable to him because he did not concur in that continuance. The order entered November 3, 2003, expressly indicates that the case was continued "[o]n motion of the defendant." Wallace asserts he objected in writing to the continuance moved for by attorney Olson on November 3, 2003; however, there is nothing in the record beyond Wallace's similar claim in his motion to dismiss that supports this assertion. "While the Commonwealth must prove that a given delay was excusable under the statute, the appellant has the responsibility of providing us with an adequate record." Robinson, 28 Va. App. at 155, 502 S.E.2d at 708.

Additionally, we are aware of no authority, and Wallace points to none, that supports the proposition that a continuance moved for by defense counsel on behalf of his or her client will not be attributable to the defendant under the provisions of Code § 19.2-243(4) simply because the defendant opposed the continuance in a writing to his attorney. Indeed, as we previously indicated, a "[d]efense counsel may . . . request or concur in a continuance without the consent or presence of a defendant and a defendant will be bound by counsel's [request or] assent to the delay." Shearer, 9 Va. App. at 402, 388 S.E.2d at 832; see also Code § 19.2-243(4). To hold otherwise, particularly under the circumstances of this case, would undermine the "orderly administration of justice," which "requires that tactical matters, such as continuances, be left with counsel." Stockton v. Commonwealth, 227 Va. 124, 141, 314 S.E.2d 371, 382 (1984).

Hence, even were we to accept Wallace's unsupported claim that he did not concur in his counsel's request for a continuance, the delay resulting from the granting of that continuance is attributable to Wallace for speedy trial purposes.

Excluding these two delays attributable to Wallace in resolving Wallace's speedy trial claim under Code § 19.2-243, we conclude that Wallace's trial commenced within the five-month period required by that statute. Accordingly, the trial court did not err in finding that Wallace's statutory right to a speedy trial was not violated.

III. CONCLUSION

For these reasons, we affirm the judgment of the trial court and Wallace's conviction.

<u>Affirmed.</u>