COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Overton


VICKIE GAYLE GUTHRIE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2009-05-2              JUDGE NELSON T. OVERTON
                                                    MAY 9, 2006
THOMAS E. REDD


FROM THE CIRCUIT COURT OF HALIFAX COUNTY
William L. Wellons, Judge

(Robert H. Morrison; Watson & Morrison, P.C., on brief), for
appellant.  Appellant submitting on brief.

No brief for appellee.


Vickie Gayle Guthrie appeals a decision of the trial court terminating Thomas E. Redd's

spousal support obligation.  On appeal, Guthrie contends the trial court erred by:  (1) admitting parol

evidence regarding the meaning of a clause in the parties' separation agreement; (2) determining

Redd was not in arrears for his spousal support obligation; and (3) terminating her spousal support

pursuant to Code § 20-109(A).  For the reasons that follow, we dismiss the appeal.

Background

The parties married in 1971.  On November 6, 1998, they entered into a separation

agreement ("the agreement") which was incorporated, but not merged, into the final divorce

decree, entered on November 9, 1998.

In January 2005, Redd filed in the trial court a "Petition to Vacate Spousal Support

Award," alleging that Guthrie was cohabitating with another man, thereby terminating his

spousal support obligation pursuant to Code § 20-109.  In March 2005, Guthrie filed a "Motion

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

to Establish Arrears" in the trial court. On March 14, 2005, the trial court heard the parties' motions. By order entered on July 19, 2005, the trial court terminated Redd's obligation to pay Guthrie spousal support pursuant to Code § 20-109. The record on appeal contains no trial court order addressing Guthrie's "Motion to Establish Arrears."

Analysis

Code § 17.1-405, provides, in part, "[a]ny aggrieved party may appeal" to this Court from "any final judgment, order, or decree of a circuit court" involving divorce or other domestic relations matters. In addition, "[a] court speaks through its written orders." Robinson v. Commonwealth, 28 Va. App. 148, 155, 502 S.E.2d 704, 708 (1998). Guthrie's first two issues raised on appeal arose in the context of her "Motion to Establish Arrears." However, the record contains no trial court order ruling on that motion. The July 19, 2005 trial court order, which Guthrie referenced in her "Notice of Appeal," addresses only the issue of termination of spousal support pursuant to Code § 20-109. Because there is no final appealable order addressing the "Motion for Arrears," this Court is without jurisdiction to entertain this appeal as it relates to Guthrie's first two assignments of error and we dismiss those issues without prejudice.

Guthrie also contends the trial court erred by terminating Redd's spousal support obligation pursuant to Code § 20-109(A). The July 19, 2005 final order states that, on July 7, 2005, the trial court heard the matter on the "pleadings, the testimony of the witnesses, the exhibits, the briefs of counsel, and the final arguments of counsel." "A court speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). Guthrie failed to file a transcript or written statement of facts concerning the July 7, 2005 hearing. See Rule 5A:8. Although the record on appeal contains the parties' memoranda filed in the trial court, this record does not reflect what arguments Guthrie made to the trial court or what evidence was introduced

at the July 7, 2005 hearing. Because the trial court's decision rested on evidence and arguments presented at the *ore tenus* hearing, a transcript or written statement of facts is "indispensable to the determination of the case." <u>Turner v. Commonwealth</u>, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). Accordingly, we cannot address this issue, and we dismiss the appeal as to this issue.

For the foregoing reasons, this case is dismissed.

<u>Dismissed.</u>