COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


BREON LEWIS, S/K/A
  BREON DAMONT LEWIS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1671-05-2             CHIEF JUDGE WALTER S. FELTON, JR.
                                                         OCTOBER 31, 2006
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        Margaret P. Spencer, Judge

        Michael E. Hollomon for appellant.

        Alice T. Armstrong, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        Breon Lewis (appellant) was convicted, following a jury trial, of conspiracy to commit

murder in violation of Code §§ 18.2-22 and 18.2-32, conspiracy to commit robbery in violation of

Code §§ 18.2-22 and 18.2-58, robbery in violation of Code § 18.2-58, and abduction in violation of

Code § 18.2-48.  On appeal, he argues his abduction conviction is void for lack of subject matter

jurisdiction because the trial transcript shows that he was never arraigned on that charge and that the

trial court did not enter a plea with respect to that charge.[1]  We disagree, and affirm his conviction

for abduction.


_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] In support of his argument, appellant relies on Cassidy v. Payton, 210 Va. 80, 168
S.E.2d 125 (1969) (entry of a plea is "jurisdictional in nature in the sense that without such a
proper plea, 'there can be no trial of a felony charge'").

Although the trial transcript[2] does not reflect that appellant was arraigned on the abduction charge, or that he entered a plea on that charge, the jury trial order entered by the trial court indicates the contrary. Specifically, the jury trial order states that on April 18, 2005,

> [t]he bifurcated jury trial of the defendant, who is charged with Murder, Use of a Firearm, Conspiracy, Robbery and Abduction, began. The defendant appeared in person with appointed counsel.

>       \*       \*       \*       \*       \*       \*       \*

> The defendant was arraigned and pled **NOT GUILTY** and requested a trial by jury.

It is well settled that "[a] court speaks through its written orders." Robinson v. Commonwealth, 28 Va. App. 148, 155, 502 S.E.2d 704, 708 (1998) (citing Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964)). Because "[a] recital of proceedings in a judicial order is an 'absolute verity and it is not subject to collateral attack,'" Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 400 (1986) (quoting Kibert v. Commonwealth, 216 Va. 660, 662, 222 S.E.2d 790, 791 (1976)), we presume "that [a trial] court order, as the final pronouncement on the subject, rather than a transcript that may be flawed by omissions, accurately reflects what transpired." Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979).

The jury trial order clearly states that appellant was arraigned and entered a plea of not guilty on the abduction charge. Our review of the transcript establishes that at the beginning of the trial, multiple indictments, each arising out of the incident leading to them, were read to appellant and that he pled not guilty to each of them. During *voir dire*, the trial court told the jury that appellant had been charged with several offenses, including abduction. The trial court denied appellant's motions to strike the abduction charge on grounds that the evidence was insufficient,

---

[2] As a result of illness requiring hospitalization of the court reporter who was present during trial, the transcript was prepared by another court reporter using the trial reporter's notes. It was not available to counsel until several months after the trial was completed.

made at both the close of the Commonwealth's case-in-chief and at the close of all the evidence. Moreover, the trial court instructed the jury, without objection, on the abduction charge. From the record before us, we conclude appellant failed to rebut the presumptive verity of the jury trial order. Appellant's abduction conviction is therefore affirmed.

Affirmed.