# CIRCUIT COURT OF ROANOKE COUNTY

Commonwealth of Virginia

v.

Marvin Alfred Pruett

Case No. CR08000508-510-00

Commonwealth of Virginia

v.

Donna Sue Dotson Heatherly

Case No. CR08000512-515-00

November 20, 2008

BY JUDGE CHARLES N. DORSEY

Following hearings in both of these matters on November 7, 2008, and argument and submission of authority, the Court is prepared to rule.

*Facts*

Both of these defendants face trial on three charges in this court. Both defendants are charged with statutory burglary, grand larceny, and felony property damage.

Both of these defendants were initially charged by warrants and each of them, in the Roanoke County General District Court, waived their right to a preliminary hearing on May 1, 2008. Both of them had their charges presented to the Grand Jury and were indicted on June 6, 2008. The initial trial date that was scheduled for each of them was August 21, 2008. The matters were

subsequently continued for trial on October 10, 2008. Since that date, the matters have been again continued, on motion of the defendants, until November 25, 2008.

## Issue

Whether the rights of the defendants to a speedy trial as guaranteed by Virginia Code § 19.2-243 have been violated.

## Analysis

Mr. Pruett, in his written motion to dismiss, notes that he has been "held in the custody of the Commonwealth continuously since the day of his arrest, April 4, 2008, a period of time greater than five months." Ms. Heatherly did not file a written motion but stated, through her counsel, that she joined in the analysis of Mr. Pruett.

In pertinent part, Virginia Code § 19.2-243 provides:

> Where a district court has found that there is probable cause to believe that an adult has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court *within five months* from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court *within nine months* from the date such probable cause was found.
>
> If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months period . . . shall be from the date an indictment or presentment is found against the accused.

(Emphasis added.)

Under the language of the statute, both defendants waived their right to a preliminary hearing and, consequently, the clock did not start running on their speedy trial claim until the date of the indictment, which was June 6, 2008, not the date of arrest, which was April 4, 2008. Mr. Pruett has been held

in custody throughout, and the five month requirement applies. Ms. Heatherly has been both in and out of custody, but that fact is not germane given the analysis in this matter and, for the purposes of this opinion, it will be presumed that the five-month requirement applies to Ms. Heatherly as well.

The five-month requirement has been interpreted by case law to mean 152 and a fraction days. *Ballance v. Commonwealth*, 21 Va. App. 1, 461 S.E.2d 401 (1995); *Robinson v. Commonwealth*, 28 Va. App. 148, 502 S.E.2d 704 (1998); *Withee v. Commonwealth*, 2008 Va. App. LEXIS 488 (November 4, 2008). Only 126 days passed between the date of the indictment and the trial date of October 10, 2008. Therefore, both defendants are within the five-month speedy trial requirement.

Consequently, the motion of both defendants to dismiss based on a violation of the speedy trial statute is denied, and the Clerk is directed to prepare an order consistent with this opinion denying the motion of each defendant, and the parties will proceed with trial as presently scheduled on November 25, 2008.