COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Powell
Argued at Chesapeake, Virginia


CLYDE MARIO HALL

MEMORANDUM OPINION[*] BY
v.        Record No. 1522-08-1       CHIEF JUDGE WALTER S. FELTON, JR.
                                     OCTOBER 20, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

John E. Robins, Jr. (Office of the Public Defender, on brief), for
appellant.

John W. Blanton, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


On April 22, 2008, Clyde Mario Hall ("appellant") was convicted of possession of cocaine

with intent to distribute in violation of Code § 18.2-248, possession of a firearm by a convicted

felon in violation of Code § 18.2-308.2, and possession of ecstasy in violation of Code § 18.2-250.

He contends the trial court erred in denying his motion to dismiss each of the indictments on speedy

trial grounds.  For the following reasons, we affirm the judgment of the trial court.

I.  BACKGROUND

On July 6, 2007, police executed a routine traffic stop of the vehicle appellant was

driving for failure to have the rear license plate illuminated.  During the stop, a police dog alerted

to the presence of narcotics in appellant's vehicle.  The officers then searched appellant and his

vehicle.  The search of appellant's vehicle produced eight individually wrapped rocks of

suspected crack cocaine, three baggies of suspected powder cocaine, eleven round pills of what

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

was later determined to be ecstasy, and two cell phones. The officers also recovered a firearm under a tire in the wheel well in the trunk of appellant's car. DNA samples were taken from the firearm and from appellant. They recovered over $200 in cash from appellant.

Appellant was arrested for possession of cocaine with intent to distribute, possession of a firearm by a convicted felon, possession of a firearm while in possession of cocaine with intent to distribute, and possession of ecstasy with intent to distribute. He was held in continuous custody from his arrest on July 6, 2007 until his trial on April 22, 2008.

Following a preliminary hearing on October 9, 2007, each of the charges was certified to a grand jury. On November 5, 2007, appellant was indicted for those same offenses. The trial court set the trial date on all four charges for November 20, 2007. On that date, the trial was continued to February 11, 2008 on the Commonwealth's motion to set the case for a jury trial. Appellant objected to the continuance.

On February 1, 2008, appellant filed a motion, pursuant to Code § 19.2-270.5, to exclude any DNA evidence at his trial, on the grounds that the Commonwealth had not provided him with the required notice within the time limits established by that statute.[1] At the February 11, 2008 hearing on the motion, the prosecutor advised the trial court he mistakenly believed that the notice given to appellant prior to the preliminary hearing by another prosecutor satisfied the

---

[1] Code § 19.2-270.5 provides, in pertinent part:

> At least twenty-one days prior to commencement of the proceeding in which the results of a DNA analysis will be offered as evidence, the party intending to offer the evidence shall notify the opposing party, in writing, of the intent to offer the analysis and shall provide or make available copies of the profiles and the report or statement to be introduced. In the event that such notice is not given, and the person proffers such evidence, then the court may in its discretion either allow the opposing party a continuance or, under appropriate circumstances, bar the person from presenting such evidence. The period of any such continuance shall not be counted for speedy trial purposes under [Code] § 19.2-243.

notice requirement of Code § 19.2-270.5. The trial court found that, under the circumstances presented, the Commonwealth's failure to provide timely notice did not warrant exclusion of the DNA evidence at trial, and continued the trial pursuant to Code § 19.2-270.5. Appellant objected to the trial court's failure to exclude DNA evidence and to the continuance being charged to him. The parties agreed on a new trial date of April 22, 2008.

On April 7, 2008, appellant filed a written motion to dismiss the indictments on the grounds that both his statutory and constitutional right to a speedy trial had been violated. He also argued, for the first time, that he had not agreed to the joinder of the four indictments for trial together. At the April 16, 2008 hearing on that motion, appellant argued that because he never agreed to the joinder of the four indictments for trial and because the DNA evidence was relevant only to the firearm charges, and not to the drug charges, the time period attributed to the continuance of trial of the drug charges should not be charged to him. The trial court denied appellant's motion to dismiss the indictments on speedy trial grounds. It also ruled that appellant's objection to joinder was not before it at that time, but would be considered prior to trial on April 22, 2008.

On April 22, 2008, 196 days after his preliminary hearing, the trial court granted, in part, appellant's motion to sever the indictments for separate trials, and set trials for each of the indictments that day. Appellant was initially tried on the indictments charging possession of cocaine with intent to distribute and possession of a firearm while in possession of cocaine with intent to distribute. Appellant was convicted of possession of cocaine with intent to distribute, but acquitted of possession of a firearm while possessing cocaine with intent to distribute. In

successive separate bench trials, the trial court found appellant guilty of possession of a firearm by a convicted felon and simple possession of ecstasy.[2]  This appeal followed.

## II.  ANALYSIS

### A.  Statutory Speedy Trial

Appellant contends the trial court erred in denying his motion to dismiss each of the indictments for failure to try him within the time requirements imposed by Code § 19.2-243.  For the following reasons, we conclude that the trial court did not err in denying appellant's motion to dismiss the indictments on statutory speedy trial grounds.

Code § 19.2-243 provides, in pertinent part, that an accused held continuously in confinement awaiting trial on an offense "shall be forever discharged from prosecution for such offense if no trial is commenced . . . within five months from the date such probable cause was found by the district court . . . ."  "The five month requirement of Code § 19.2-243 translates to 152 and a fraction days."  Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995).  "Any delays that are chargeable to the defendant are subtracted from the total number of days that elapse from the day after the finding of probable cause to the commencement of trial."  Robinson v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998).  "'[T]he burden is on the Commonwealth to explain the delay.'"  Powell v. Commonwealth, 29 Va. App. 745, 748, 514 S.E.2d 785, 787 (1999) (quoting Godfrey v. Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984)).  "In assessing the merits of appellant's statutory speedy trial claim, we 'review . . . the whole record and . . . consider[] . . . the trial court['s] orders in the context of the record that comes before us.'"  Jiron-Garcia v. Commonwealth, 48 Va. App. 638, 645-46, 633

---

[2] On the Commonwealth's motion, the charge of possession of ecstasy with intent to distribute was amended to charge simple possession of ecstasy.

S.E.2d 744, 748 (2006) (quoting Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993)) (alterations in original).

Here, the statutory time period within which appellant was required to be tried began to run on October 10, 2007, the day after the general district court found probable cause that he had committed the charged offenses. See Robinson, 28 Va. App. at 152, 502 S.E.2d at 706. Absent excusable delay resulting in the tolling of the statute, appellant was required to be tried on or before March 10, 2008.[3] Jiron-Garcia, 48 Va. App. at 646, 633 S.E.2d at 748.

1.

Appellant argues that all continuances granted by the trial court should be charged to the Commonwealth, resulting in his trials being commenced outside the required statutory period.

Although appellant objected to the time of the February 11, 2008 continuance being counted against him, he agreed to the April 22, 2008 trial date, a date that fell outside of the statutory speedy trial time frame. See Heath v. Commonwealth, 261 Va. 389, 394, 541 S.E.2d 906, 909 (2001) ("failure to object to the court's action in fixing the trial date is an acquiescence in the fixing of a trial date beyond the five-month speedy trial period and constitutes a continuance of the trial date under Code § 19.2-243(4)").

We conclude that the trial court did not err in ruling that the 71-day trial delay, from February 11, 2008 to April 22, 2008, would not be counted against the Commonwealth for statutory speedy trial purposes. Consequently, we find that, of the 196 days that elapsed from the day after appellant's preliminary hearing until his separate trials commenced on April 22, 2008, only the 125-day delay from October 10, 2007 (the day after the preliminary hearing) to February 11, 2008 (the date set on the Commonwealth's motion for a jury trial) is chargeable to

---

[3] See Code § 1-210(B)-(C).

the Commonwealth. Accordingly, we conclude the trial court did not err in finding that appellant was tried within the statutory speedy trial period.

2.

Appellant further asserts that, because the DNA evidence was not relevant to prove the drug charges, any continuance granted on his motion to exclude the DNA evidence pursuant to Code § 19.2-270.5 should not be counted against him for trial of the drug charges. We disagree.

All four indictments arose out of the same transaction. The trial court initially set the indictments for trial together, without objection from appellant, to commence on November 20, 2007. Rule 3A:10(c) provides that a "[trial] court may direct that an accused be tried at one time for all offenses then pending against him, if justice does not require separate trials and . . . the offenses" are based on the same act or transaction. See also Rule 3A:6(b). The indictments remained joined for trial, without objection from appellant, when the trial was continued to February 11, 2008 on the Commonwealth's motion for trial by jury, and again when the trial date was continued to the agreed trial date of April 22, 2008 as a result of the Commonwealth's failure to give timely notice of its intent to offer DNA evidence. The record reflects that appellant first raised objections to joinder of the indictments in his April 7, 2008 motion to dismiss the indictments for lack of speedy trial. On April 16, 2008, the trial court denied appellant's speedy trial motion, and informed appellant that his objection to the joinder of the indictments was not before it then but that the objection would be considered prior to trial.

On April 22, 2008, the date set for the joint trial on the four indictments, the trial court severed the indictments for separate trials to be tried that day. The trial court initially tried appellant in a single trial on the indictments charging possession of cocaine with intent to distribute and possession of a firearm while committing that offense. It then tried appellant in

- 6 -

separate trials for possession of a firearm by a convicted felon and for possession of ecstasy with intent to distribute.

We find no merit in appellant's argument that the time attributed to the delay in trying him on the two drug offenses should be counted against the Commonwealth, thereby putting his trial on those offenses outside the statutory speedy trial period. The four indictments were joined for trial together when the initial trial date was set for November 20, 2007, and continued to be set for trial together without objection from appellant until April 7, 2008 when he argued that the February 11, 2008 continuance (the DNA delay) only applied to the firearm offenses. Even assuming, without deciding, that the delay from April 7, 2008 to April 22, 2008 (a 15-day delay) was attributable to the Commonwealth, appellant was still tried on each of the indictments within the statutory speedy trial requirement.

We conclude the trial court did not err in finding that appellant was tried on each of the indictments within the statutory speedy trial period.

B. Constitutional Speedy Trial

Appellant argues, for the first time on appeal, that he was denied his constitutional right to speedy trial guaranteed by Article I, Section 8 of the Virginia Constitution and the Sixth Amendment to the United States Constitution. Although appellant asserted in his written motion to dismiss the indictments for lack of speedy trial that his "constitutional speedy trial rights [had] been violated," he made no argument in support of that assertion in his written motion or at the hearing on that motion.

Rule 5A:18 provides, "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." This Court "will not consider an argument on appeal [that] was not presented to the

trial court. Rule 5A:18 applies to bar even constitutional claims." <u>Ohree v. Commonwealth</u>, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citation omitted). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." <u>Edwards v. Commonwealth</u>, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc). Appellant did not request that we invoke the ends of justice exception to Rule 5A:18, and "[t]his Court will not consider, *sua sponte*, an ends-of-justice argument under Rule 5A:18." <u>Widdifield v. Commonwealth</u>, 43 Va. App. 559, 564, 600 S.E.2d 159, 162 (2004) (en banc).

From the record on appeal, we conclude that appellant's right to speedy trial was not violated. Accordingly, we find no error on the part of the trial court in denying appellant's motion to dismiss the indictments on speedy trial grounds.

For the foregoing reasons, we affirm appellant's convictions.

<u>Affirmed.</u>