COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, O'Brien and Malveaux
Argued at Richmond, Virginia


BRADFORD LYNORRIS GASKINS

MEMORANDUM OPINION* BY
v.      Record No. 0848-15-2      JUDGE MARY BENNETT MALVEAUX
JULY 12, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
W. Reilly Marchant, Judge

William J. Dinkin (John Myers, Third Year Law Student; Stone,
Cardwell & Dinkin, PLC, on briefs), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Bradford L. Gaskins ("appellant") was convicted of abduction, in violation of Code

§ 18.2-48, and object sexual penetration, in violation of Code § 18.2-67.2.  On appeal, he argues that

the trial court violated his speedy trial rights by granting the Commonwealth a continuance for the

introduction of DNA evidence pursuant to Code § 19.2-270.5.  As appellant has failed to provide a

record sufficient to permit proper appellate review, we affirm the judgment of the trial court.

I.  BACKGROUND

On January 15, 2014, appellant was indicted in the Circuit Court of the City of Richmond

for abduction, object sexual penetration, and forcible sodomy.[1]  Appellant was arrested on those

indictments on January 22, 2014.  On February 27, 2014, appellant appeared before the trial

court to set a trial date for the charges.  Counsel for appellant stated that appellant was not ready

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On February 12, 2014, appellant was indicted and later convicted for robbery of the
same victim.  That conviction is not before this Court on appeal.

to waive trial by jury at that point, and requested two dates, one for a motions hearing and the second for a bench trial. The court set two dates: a motions hearing for April 28, 2014, which was also a status date for appellant's election of a jury or bench trial; and May 19, 2014, a bench trial date if appellant decided to proceed with a bench trial.

On April 4, 2014, appellant's attorney from the Richmond Public Defender's Office was relieved as counsel due to a conflict. That same day, another attorney was appointed to represent appellant. Appellant's new counsel informed the court that he was available for the status hearing date on April 28, but was not available for the trial date of May 19. The court removed the May 19 date from the court docket. The court's order did not note that either party objected to the continuance. At the April 28 status hearing, appellant requested a jury trial. The parties selected June 23, 3014 as the jury trial date.

On June 18, 2014, the Commonwealth moved for a continuance of the jury trial scheduled for June 23, 2014 because it had received a supplemental lab report from the Virginia Department of Forensic Science. Appellant objected to the continuance. A new trial date was set for July 14, 2014.

On June 24, 2014 appellant filed a motion asking the trial court to appoint a DNA expert for his use. At a hearing on July 9, appellant told the court he was unable to obtain an expert in that time period, and asked the court to continue the case. The court granted the continuance and set another status hearing date for July 31, 2014. On that date, appellant waived his speedy trial rights, in order for counsel to have time to prepare for trial with an expert witness.[2]

---

[2] On brief, appellant acknowledges that on July 31, 2014 he waived his speedy trial rights "going forward." However, he arguably waived his speedy trial rights at the July 9, 2014 hearing. At that hearing, after telling the trial judge that he needed an expert, the trial judge asked him if he was waiving speedy trial. Counsel for appellant responded that he "didn't have a choice" and agreed that it was a defense motion to continue. Since the resolution of whether this constituted a waiver of his speedy trial rights is not determinative of the outcome of this appeal, we do not decide on what date appellant actually waived his right to speedy trial.

On September 22, appellant filed a motion to dismiss on speedy trial grounds. The trial court held a hearing on the motion on October 8, 2014. The record on appeal does not contain a transcript of the October 8 hearing. The court denied appellant's motion.

On January 27, 2015, appellant's jury trial began. The next day, January 28, he was found guilty of abduction, object sexual penetration, and robbery and not guilty of forcible sodomy.

II. ANALYSIS

Code § 19.2-243 provides that, "[i]f an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein," the five-month statutory speedy trial period "shall commence to run from the date of his arrest thereon," which, here, was January 22, 2014. "The five-month requirement translates 'to 152 and a fraction days.'" Howard v. Commonwealth, 55 Va. App. 417, 423, 686 S.E.2d 537, 540 (2009) (quoting Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995)). Further,

> Any delays that are chargeable to the defendant are subtracted from the total number of days that elapse from the day after the finding of probable cause to the commencement of trial. If the time thus calculated exceeds 152 and a fraction days, the defendant "shall be forever discharged from prosecution for such offenses."

Robinson v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998) (quoting Code § 19.2-243)).

Appellant argues that his statutory speedy trial rights were violated when the trial court granted the Commonwealth a continuance on June 18, 2014 to comply with Code § 19.2-270.5, the statute concerning the introduction of DNA evidence in criminal proceedings. On appeal, appellant presents a novel interpretation of Code § 19.2-270.5, contending that the notice required under the statute should be tolled against the Commonwealth because it was the

proponent of the DNA evidence in this case. We are unable to reach this issue of first impression, however, because appellant has failed to preserve an adequate record for appeal.

"[T]he burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." Bay v. Commonwealth, 60 Va. App. 520, 529, 729 S.E.2d 768, 772 (2012).

Rule 5A:8(b)(4)(ii) requires that any transcripts or written statements of facts necessary to the disposition of an appeal must be made a part of the record and "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." "The importance of the record is obvious, for it is axiomatic that an appellate court's review of the case is limited the record on appeal." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to." Id. "While the Commonwealth must prove that a given delay was excusable under the statute, the appellant has the responsibility of providing us with an adequate record." Robinson, 28 Va. App. at 155, 502 S.E.2d at 708. "An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993).

The trial court held a hearing on the motion to dismiss for violation of appellant's right to a speedy trial on October 8, 2014. The record does not contain a transcript of the hearing. Despite the lack of this transcript, appellant contends that we can consider the merits of his

appeal because the statutory speedy trial issue was objected to and fully argued at the June 18 hearing. He further asserts that the subsequent motion to dismiss was based solely on a separate Sixth Amendment speedy trial argument. After reviewing the record in total, we find this argument unpersuasive.

On June 18, 2014, the Commonwealth moved for a continuance because it had recently received the results of a new DNA analysis from the Department of Forensic Science, and under Code § 19.2-270.5, was required to give appellant twenty-one days' notice of its intent to enter the results into evidence. At the June 18 continuance hearing, appellant's counsel informed the court that there might be a potential speedy trial issue if the court granted the Commonwealth's continuance. Appellant's counsel noted that his client had been incarcerated for over five months at that time and was prepared to go to trial. Appellant also argued during the hearing that the Commonwealth had not shown good cause for the continuance. The court granted the Commonwealth's motion for a continuance for good cause shown and did not specifically make a ruling regarding the speedy trial issue.

The only place in the record where the trial court clearly made a ruling on speedy trial was in its order entered on October 17, 2014, subsequent to the October 8 speedy trial hearing, in which it denied appellant's motion to dismiss. Although appellant argues that his motion to dismiss was based solely on a separate Sixth Amendment speedy trial argument, this assertion is not evident from the record. Appellant styled his motion as a "Motion to Dismiss (Speedy Trial)." In the motion, he asked the trial court to "dismiss this matter pursuant to the Sixth Amendment." Appellant's motion then calculated the speedy trial date using the five-month statutory requirement, stating that appellant was arrested on January 22, had been held continuously in jail, and had a speedy trial date of June 21. The motion itself did not discuss any of the four factors used to determine whether there was a violation of his speedy trial rights

under the Sixth Amendment. The Commonwealth Attorney's written response to the motion to dismiss addressed both constitutional and statutory speedy trial grounds.

With this record, we are unable to know for certain that the sole argument advanced by appellant at the October 8 hearing involved a constitutional speedy trial claim. The court's order only states that appellant's motion was denied, and does not specify whether it was denied on constitutional or statutory grounds. Without the transcript of the hearing, this Court cannot determine that appellant only raised a constitutional speedy trial argument at this hearing, as he claims on appeal. We do not know what argument appellant presented to the trial court and if that argument was the same one that he advances on appeal, as required by Rule 5A:18. See Delaney v. Commonwealth, 55 Va. App. 64, 67, 683 S.E.2d 834, 835-36 (2009) (noting that defendant's "statement of facts . . . [was] devoid of any indication as to what arguments and objections were presented to the trial court" and thus his arguments on appeal were not preserved under Rule 5A:18). Additionally, we do not know what justification the Commonwealth provided at the hearing for any delay regarding speedy trial and therefore cannot say that the trial court erred in denying appellant's motion to dismiss. For all of these reasons, we hold that a transcript of the speedy trial hearing is indispensable to our review of appellant's claim that his statutory right to a speedy trial was violated. See Bunton v. Commonwealth, 6 Va. App. 557, 370 S.E.2d 470 (1988) (holding that a missing transcript of a speedy trial hearing was indispensable for review of a speedy trial claim on appeal).

### III. CONCLUSION

We conclude that the transcript of the October 8, 2014 speedy trial hearing is indispensable to our review of the issue and, thus, appellant has waived his speedy trial claim on appeal. See Smith v. Commonwealth, 281 Va. 464, 469, 706 S.E.2d 889, 892 (2011) (holding

that the proper disposition of a Rule 5A:8 violation is a waiver of the argument rather than

dismissal of the appeal).  Therefore, we affirm appellant's convictions.

Affirmed.