Richmond

ROBERT DUANE WILLIAMSON

v.

COMMONWEALTH OF VIRGINIA

No. 0199-91-1

Decided February 18, 1992

COUNSEL

Jean Veness (Office of the Public Defender, on brief), for appellant.

Robert H. Anderson, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—The appellant, Robert D. Williamson, was convicted in a jury trial of receiving stolen property. On appeal, he contends that his speedy trial rights were violated with respect to the requirements of (1) Code § 19.2-243, (2) the Interstate Agreement on Detainers, Code §§ 53.1-210 *et seq.*, and (3) the Sixth Amendment to the United States Constitution. We find no error and affirm the judgment of the trial court.

■ We review the evidence in the light most favorable to the Commonwealth. The factual findings of the trial court, if supported by credible evidence, will not be disturbed on appeal. *See Josephs v. Commonwealth*, 10 Va. App. 87, 390 S.E.2d 491 (1990) (en banc).

On September 5, 1989, the indictment underlying this appeal was returned against the appellant in the Circuit Court of Virginia Beach. On or about October 10, 1989, he was arrested on an unrelated misdemeanor charge in Northampton County. The Sheriff of Northampton notified the Virginia Beach authorities that the appellant was in custody, but that he was scheduled to be taken to Washington, North Carolina to answer charges pending against him in Beaufort County, North Carolina.

On or about October 15, 1989, the Northampton County charges having been concluded, the appellant was transported to Washington, North Carolina. There, he was advised by Detective Ray Manning that there was an indictment outstanding against him in Virginia Beach. At the appellant's request, Manning called Virginia Beach and was asked to hold the appellant for extradition.

On December 6, 1989, the appellant was convicted on the Beaufort County, North Carolina charges and received a sentence of thirteen years imprisonment. He was committed to the North Carolina Department of Corrections.

On December 12, 1989, the appellant was advised by his case analyst, Lee Barber, of the pendency of the Virginia Beach indictment. At his request, Ms. Barber called the Virginia Beach Police Department and was told by a sergeant that Virginia Beach would file a detainer with the North Carolina Department of Corrections. In January, 1990, the appellant learned that no detainer had been filed. At his request, Ms. Barber called Detective McGibbon of the Virginia Beach Police Department, who informed her that a detainer would be filed.

On or about February 6, 1990, the appellant wrote to the Circuit Court of Virginia Beach, demanding a speedy trial. On February 9, he moved that the charges against him in Virginia Beach be dismissed because of the expiration of time, no capias having been served on him despite knowledge of his whereabouts by Virginia Beach authorities. This correspondence was not answered.

On March 13, 1990, upon inquiry by a North Carolina case analyst, Detective McGibbon stated that the matter had been turned over to the Virginia Beach Commonwealth's Attorney's office. Inquiries in April, June and early July 1990 disclosed that no detainer had been lodged, but that one would be forthcoming.

On July 10, 1990, a detainer based on the Virginia Beach indictment was lodged with the North Carolina authorities. On July 12, 1990, the appellant received a copy of a letter from the Virginia Beach Commonwealth's Attorney's office requesting temporary custody. On July 13, 1990, the appellant again wrote the Circuit Court of Virginia Beach requesting a speedy trial. On August 17, 1990, the appellant executed a formal request for return to Virginia Beach and speedy trial pursuant to the Interstate Agreement on Detainers. Code §§ 53.1-210 *et seq.* On September 19, 1990, the appellant was delivered into the custody of Virginia Beach officers and on that day was arrested by execution of a capias issued in aid of the Virginia Beach indictment.

The appellant filed in the trial court a motion to dismiss based on the assertion that his speedy trial rights had been violated. This motion, originally scheduled to be heard November 13, 1990, was continued on motion of the appellant to December 18, 1990, at which time it was denied.

On January 14, 1991, the appellant was tried and suffered the conviction on appeal.

■ The appellant first contends that he was held without trial in violation of Code § 19.2-243. As applicable to this case, that statute provides:

> [T]he accused, if he is held continuously in custody . . . shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date . . . probable cause was found . . .; and if the accused is not held in custody . . . he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months. . . .
>
> If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five and nine month periods, respectively, shall commence to run from the date of his arrest thereon.

The appellant contends that he should be considered arrested and held in custody as of October 15, 1989, when the North Carolina authorities acknowledged Virginia's request that he be held pending extradition. He cites Code § 19.2-100 which authorizes the arrest on a fugitive warrant of a person found in the state upon "reasonable information that [he] stands charged in the courts of [another] state with a crime punishable by death or imprisonment for a term exceeding one year." He misinterprets the statute. Detention in North Carolina on accusation of being a fugitive is not the same as "arrest thereon" with respect to the Virginia indictment. Appellant's detention in North Carolina gave Virginia no rights with respect to him. It did not assert against him the specific charge set forth in the indictment. The legality of the appellant's detention in North Carolina was never contested. During his entire sojourn in North Carolina, prior to the delivery of his temporary custody to Virginia Beach authorities, he was held under North Carolina criminal process, first on charges to be tried, and

then as a convicted felon under sentence.

Code § 19.2-243 first came into play with the appellant's arrest on September 19, 1990, by execution of the capias issued in aid of the Virginia Beach indictment. The scheduling of subsequent proceedings in the circuit court satisfied the requirements of the statute.

The appellant next contends that the scheduling of proceedings in his case violated the requirements of the Interstate Agreement on Detainers, Code § 53.1-210. That statute, in pertinent part, provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers' jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint. . . .

Code § 53.1-210, Article III(a). The detainer based on the Virginia Beach indictment was lodged July 10, 1990. The appellant's August 17, 1990, request for final disposition of that indictment, giving the information required by the statute, commenced the running of the 180 day period. The appellant was brought to trial within the required time.

Finally, the appellant contends that he was denied his right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution. In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court set forth the criteria for evaluating a claim of speedy trial denial. The four factors to be applied are: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) whether prejudice to the defendant resulted. *See Holliday v. Commonwealth*, 3 Va. App. 612, 352 S.E.2d 362 (1987). Balancing those factors as applied to the record in this case, we find no denial of the appellant's Sixth

Amendment right to a speedy trial.

First, until December 6, 1989, the appellant was in North Carolina awaiting trial on serious charges. Virginia had no right to his custody. Thereafter, the failure of the Virginia authorities to lodge a detainer based on the Virginia Beach indictment retarded the availability to the appellant of his rights under the Interstate Agreement on Detainers. That imposition of delay continued until the filing of the detainer on July 10, 1990, a period of approximately seven months. During that time, the appellant was a North Carolina prisoner, first awaiting trial and then serving a sentence of imprisonment. The record reflects that he suffered no diminution of liberty. We find the delay in lodging a detainer against him in North Carolina to be neither oppressive nor extraordinary, and that this delay should not weigh against the Commonwealth. *See Holliday*, 3 Va. App. at 618, 352 S.E.2d at 365.

Second, the record does not disclose the reason for the delay in lodging the detainer in North Carolina. There is no suggestion that the delay was willful or deliberate, or that it derived from the pursuit of tactical advantage. The most that can be said from the record is that the delay resulted from dereliction. This is a circumstance which does not weigh heavily against the Commonwealth.

Third, the appellant actively and timely asserted his speedy trial right. This circumstance weighs in his favor.

Fourth, the record discloses no prejudice resulting to the appellant from the delay. There is no claim of loss of evidence or of defensive opportunity. The appellant was a North Carolina prisoner and suffered no loss of liberty. This circumstance weighs heavily in favor of the Commonwealth.

On balance, we find that the relatively minor delay in lodging the detainer, though deriving from dereliction in the face of appellant's request, effected no hardship or prejudice to him and was not a denial of his Sixth Amendment speedy trial right.

The judgment of the trial court is affirmed.

*Affirmed.*

Barrow, J., and Bray, J., concurred.