COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Overton
Argued at Alexandria, Virginia


JAMES MITCHELL RANDOLPH

v.          Record No. 1201-95-4            OPINION BY
                                     JUDGE NELSON T. OVERTON
COMMONWEALTH OF VIRGINIA                 APRIL 30, 1996


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                 James H. Chamblin, Judge

        Jeffrey B. Rice for appellant.

        Michael T. Judge, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.



     James Randolph, defendant, appeals his convictions of

spousal rape and forcible sodomy on the ground that he was not

tried within the statutory five-month time limit required by Code

§ 19.2-243.  Finding no error, we affirm the convictions.

     Randolph was arrested December 18, 1993, and a preliminary

hearing was held January 10, 1994, at which time probable cause

was found.  He was held in custody continuously from the time of

the probable cause hearing until trial.  Upon motion of

defendant, the trial was continued from April 22, 1994, until

July 13, 1994, a period of eighty-two days.  The trial date was

again continued upon motion of the Commonwealth, and finally

commenced on August 31, 1994.  At trial, defendant moved to

dismiss on the ground that he was not afforded a speedy trial.

The motion was denied.  Randolph was subsequently convicted by a

jury.

Randolph contends that the five-month speedy trial limitation for commencing the trial elapsed on August 30, 1994, the day before the trial in fact began.  He argues that January 10, 1994, the date of the preliminary hearing, should be counted as the first day against the Commonwealth.  The Commonwealth argues, on the other hand, that January 10 does not count as the first day to calculate five months _from_ the date probable cause was found.  In support of his argument, defendant places significance upon the wording of Code § 19.2-243, which states that the trial must commence "within five months _from_ the date such probable cause was found" instead of within five months _after_.  (Emphasis added).  We disagree with defendant's interpretation of Code § 19.2-243.

Code § 1-13.3, governing the computation of time, clearly provides that

> when a statute or rule of court requires a notice to be given or any other act to be done within a certain time after any event or judgment, that time shall be allowed _in addition to the day on which the event or judgment occurred_.

(Emphasis added).  Use of the word "from" rather than "after" in Code § 19.2-243 does not preclude Code § 1-13.3 from controlling.  By its terms, Code § 1-13.3 governs the very issue before the Court, which is whether "the day on which the event or judgment occurred" shall be counted in computing the time within which an event shall be done.

Accordingly, the convictions are affirmed.

- 2 -

<u>Affirmed.</u>