COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Felton, Judges Elder and Beales
Argued at Chesapeake, Virginia


JUAN ANGEL JIRON-GARCIA, S/K/A
 JULIO CESAR FUENTES-PACHECO, A/K/A
 LUIS ALBERTO MARTINEZ-GARCIA, A/K/A
 JUAN ALFREDO MARTINEZ-GARCIA, A/K/A
 CESAR PUERTO ORTIZ, A/K/A RAUL FUENTES

                                                               OPINION BY
v.       Record No. 0204-05-2            CHIEF JUDGE WALTER S. FELTON, JR.
                                                             AUGUST 22, 2006
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                        Frederick G. Rockwell, III, Judge

          José Antonio Garcia Martelino, Jr. (Main Street Law Office, on
          brief), for appellant.

          Denise C. Anderson, Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


        On appeal from his convictions of possessing cocaine and forging a public document, Juan

Angel Jiron-Garcia ("appellant") contends that the trial court erred in denying his motion to dismiss

the indictments on the grounds that his statutory and constitutional rights to a speedy trial were

violated.  For the following reasons, we reverse the judgment of the trial court.

                                    BACKGROUND

        Following appellant's July 6, 2004 preliminary hearing, the general district court certified to

the grand jury charges of cocaine possession and forging a public document.  The general district

court ordered that appellant, housed at Riverside Regional Jail, be held without bond.  On

September 20, 2004, the grand jury indicted appellant on both charges, and a bench trial was

scheduled for November 4, 2004.

On October 19, 2004, the United States District Court for the Eastern District of Virginia issued a writ of habeas corpus *ad prosequendum* directing the supervisor of the Riverside Regional Jail to surrender appellant to the United States Marshal on October 20, 2004 for a 2:30 p.m. court proceeding. The writ further provided that appellant was to be "returned forthwith by the United States Marshal" to Riverside Regional Jail.

Appellant was not present at his scheduled November 4, 2004 trial. At that time, the trial court noted that it received information that appellant "ha[d] been picked up by the Feds." Defense counsel responded that federal authorities had "picked him up temporarily, on a temporary request and they took him over to Northern Neck [Regional Jail]. So, he is at Northern Neck right now." He further told the court that appellant "theoretically . . . still belongs to Riverside. All of his clothing is at Riverside." He then objected to any continuance because appellant was "in your government's custody." The Commonwealth responded that appellant was "in the Federal Government's custody."

Other than the federal *ad prosequendum* writ itself, the record contains no other evidence reflecting when appellant was released from, or returned to, Riverside Regional Jail, when his custody was acquired or relinquished by Northern Neck Regional Jail, or for what period he was in the physical custody of the United States Marshal pursuant to the writ.

The trial court continued appellant's case to December 9, 2004. It also ordered the Commonwealth to locate appellant and have him returned to court for trial.

On December 8, 2004, the day before his scheduled trial, appellant filed a motion to dismiss the indictments on the grounds that his statutory and constitutional rights to a speedy trial, pursuant to Code § 19.2-243, the Sixth Amendment of the United States Constitution, and Article I, § 8 of the Constitution of Virginia, had been violated. On December 9, 2004, appellant was again not present for trial. The trial court continued appellant's case until January 13, 2005, charging the continuance

against appellant because he failed to give the Commonwealth the required seven day pre-trial notice of his motion to dismiss pursuant to Rule 3A:9(c).

At the January 13, 2005 hearing on appellant's motion to dismiss, the Commonwealth conceded that the time period between November 4, 2004 and December 9, 2004 was chargeable against it. However, it argued that the speedy trial statute was tolled for the time period between October 20, 2004 and November 4, 2004 because the Commonwealth was unaware of appellant's whereabouts. The trial court denied appellant's motion to dismiss, finding that appellant was in federal custody during that time period. As a result, the trial court tolled the running of Code § 19.2-243's time provisions from October 20, 2004 to November 4, 2004. The trial court also found that the 36-day period from December 9, 2004 to January 13, 2005 was charged against the appellant because his motion to dismiss failed to comply with Rule 3A:9(c)'s notice requirement.

Following trial on January 13, 2005, the trial court found appellant guilty of the indicted offenses.

ANALYSIS

Appellant first contends the trial court erred in failing to dismiss his indictments because the Commonwealth violated the five-month speedy trial provision of Code § 19.2-243.

"Under Code § 19.2-243, 'an incarcerated accused held continuously in custody shall be brought to trial within five months after a general district court finds probable cause to believe that the [accused] has committed a crime.'" Norton v. Commonwealth, 19 Va. App. 97, 99, 448 S.E.2d 892, 893 (1994) (quoting Shearer v. Commonwealth, 9 Va. App. 394, 399, 388 S.E.2d 828, 830 (1990)). "The five month requirement of Code § 19.2-243 translates to 152 and a fraction days." Balance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995). This "period begins to run on the day after the preliminary hearing at which probable cause is found." Robinson

v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998) (citing Randolph v. Commonwealth, 22 Va. App. 334, 335, 470 S.E.2d 132, 133 (1996)).

The time requirements of Code § 19.2-243 may be tolled for reasons stated in that statute when the accused is unavailable for trial due to "circumstances beyond the control of the trial judge and parties." Baity v. Commonwealth, 16 Va. App. 497, 502, 431 S.E.2d 891, 894 (1993). However, "'the exceptions stated in the statute are not meant to be all-inclusive, and other exceptions of a similar nature are to be implied.'" McCray v. Commonwealth, 44 Va. App. 334, 342, 605 S.E.2d 291, 295 (2004) (quoting Hudson v. Commonwealth, 267 Va. 36, 41, 591 S.E.2d 679, 682 (2004)).

"'When an accused asserts that he has been denied a speedy trial, the burden is on the Commonwealth to explain and excuse the delay.'" Heath v. Commonwealth, 32 Va. App. 176, 181, 526 S.E.2d 798, 800 (2000) (quoting Adkins v. Commonwealth, 13 Va. App. 519, 521, 414 S.E.2d 188, 189 (1992)), aff'd, 261 Va. 389, 541 S.E.2d 906 (2001). See also Godfrey v. Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984). "The Commonwealth must prove that the delay [in commencing trial] was based on one of the reasons enumerated [or implied] in [Code § 19.2-243] or on [the accused's] waiver . . . of his right to be tried within the designated period." Powell v. Commonwealth, 29 Va. App. 745, 748, 514 S.E.2d 785, 787 (1999) (citations omitted). "If the Commonwealth fails to meet these burdens, the statute requires discharge of the prosecution." Heath, 32 Va. App. at 181, 526 S.E.2d at 800.

In assessing the merits of appellant's statutory speedy trial claim, we "review . . . the whole record and . . . consider[] . . . the trial court['s] orders in the context of the record that comes before us." Baity, 16 Va. App. at 503, 431 S.E.2d at 895.

The record reflects that the statutory clock to try appellant began to run July 7, 2004, the day after the general district court found probable cause that he had committed the offenses for which he

was held in custody without bond.  See Robinson, 28 Va. App. at 152, 502 S.E.2d at 706.  Thus, absent excusable delay resulting in the tolling of the statute, the Commonwealth was required to commence trial on or before December 6, 2004.  Appellant's trial commenced January 13, 2005, 38 days after that date.

## I.  CONTINUOUS LEGAL CUSTODY

The Commonwealth argues on appeal that appellant was not available to be tried within the requisite statutory period because he was not "held continuously in custody" within the meaning of Code § 19.2-243 from October 20, 2004 to December 9, 2004.  Citing Williamson v. Commonwealth, 13 Va. App. 655, 414 S.E.2d 609 (1992), and Ford v. Commonwealth, 33 Va. App. 682, 536 S.E.2d 467 (2000), the Commonwealth asserts it lacked continuous legal custody of appellant, otherwise held without bond on state charges, when he was taken into the physical custody of federal authorities pursuant to the federal *ad prosequendum* writ, and not returned to Riverside Regional Jail.  Accordingly, the Commonwealth contends the time limitations of Code § 19.2-243 required it to commence appellant's trial within nine months of his preliminary hearing instead of within five months.  We disagree.

The Commonwealth's reliance on Williamson is misplaced.  In Williamson, we held that, for purposes of Code § 19.2-243, lodging a detainer with North Carolina authorities, without any other court order, did not give the Commonwealth the right to try the accused incarcerated on unrelated charges in that state.  Williamson, 13 Va. App. at 658, 414 S.E.2d at 611.  Here, the United States District Court for the Eastern District of Virginia issued a writ of habeas corpus *ad prosequendum*, not a detainer, to secure appellant's presence for a court proceeding in Richmond.[1]

---

[1] "A detainer is an administrative device, serving only to advise a sister state that the inmate is wanted to face criminal charges.  A detainer does nothing to commence prosecution, nor does it bring the inmate into 'custody' of the requesting jurisdiction."  Ford, 33 Va. App. at 691-92, 536 S.E.2d at 471 (citations omitted).  Writs of habeas corpus *ad prosequendum* are not

In Ford, we held that an accused, who had been incarcerated by federal authorities *while he was free on bond* pending trial on state charges, was not held within the continuous custody of the Commonwealth. Ford, 33 Va. App. at 694, 536 S.E.2d at 473. Here, the Commonwealth held appellant in a state facility[2] without bond pending trial on state indictments. Appellant was surrendered to federal authorities pursuant to the federal *ad prosequendum* writ, not by reason of a subsequent arrest while he was free on bail. We conclude that Ford is not instructive in determining whether the Commonwealth's legal custody of the accused was lost when appellant was surrendered to federal authorities pursuant to the federal *ad prosequendum* writ.

Appellant argues that the Commonwealth retained legal custody of him after execution of the federal *ad proseqeundum* writ. He contends that he was merely "on loan" to federal authorities and, therefore, was available for trial once his court appearance pursuant to the federal *ad prosequendum* writ was completed. We agree.

A writ of habeas corpus *ad prosequendum* "is a court order requesting" an incarcerated accused's "appearance to answer charges in the summoning jurisdiction." Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir. 1993). Unlike detainers, "writs of habeas corpus *ad prosequendum* are immediately executed." Id.; United States v. Mauro, 436 U.S. 340, 360 (1978). "The [federal *ad prosequendum*] writ swiftly runs its course, and is no longer operative after the date upon which the [incarcerated accused] is summoned to appear." Id. at 390. Principles of comity require that when the federal *ad prosequendum* writ is satisfied, the receiving federal jurisdiction return the incarcerated accused to the sending sovereign. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998).

---

considered detainers within the meaning of the Interstate Agreement on Detainers. United States v. Mauro, 436 U.S. 340, 349, 361 (1978).

[2] Both Riverside Regional Jail and Northern Neck Regional Jail are state facilities. See Code §§ 53.1-105 – -115.2.

Clearly, when an accused is surrendered to federal authorities pursuant to a federal *ad prosequendum* writ, that person is unavailable for trial while held by that authority. However, because a federal *ad prosequendum* writ is of limited duration, an accused "is not even 'in custody' when he appears in another jurisdiction pursuant to that writ; he is merely 'on loan' to that jurisdiction's authorities." Stewart, 7 F.3d at 389 (citing Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)). Thus, the sending sovereign's custody and control over the incarcerated accused is never interrupted. See Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002) (noting that a "prisoner detained pursuant to a writ *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction *unless and until* the first sovereign relinquishes jurisdiction over the person. The receiving sovereign . . . is therefore, considered simply to be 'borrowing' the prisoner . . . ." (citing Jake v. Herschberger, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999)) (emphasis added)).

The record before us shows that the federal authorities "borrowed" appellant pursuant to the federal *ad prosequendum* writ. The federal authorities' "[f]ailure to [return appellant to Riverside Regional Jail] does not alter . . . [his] 'borrowed' status." Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978), cert. denied, 441 U.S. 934 (1979). Because the Commonwealth merely "loaned" appellant to the federal authorities for his October 20, 2004 appearance in the United States District Court in Richmond, we conclude appellant remained within the continuous legal custody of the Commonwealth for purposes of Code § 19.2-243. Accordingly, the five-month provision of Code § 19.2-243 applies rather than the nine-month provision asserted by the Commonwealth.

II. AVAILABILITY FOR TRIAL: OCTOBER 20, 2004 – NOVEMBER 4, 2004

Appellant contends the trial court erroneously concluded that he was voluntarily not available for trial during the 16-day period between October 20, 2004 and November 4, 2004 as a

result of the federal *ad prosequendum* writ. The Commonwealth asserts the trial court did not err in tolling that 16-day period because appellant was in federal custody and unavailable for trial.

As we concluded above, the Commonwealth retained legal custody of appellant during the period he was "loaned" to federal authorities pursuant to the federal *ad prosequendum* writ. See Crawford, 589 F.2d at 695 (holding that "[w]hen an accused is transferred pursuant to a writ of habeas corpus *ad prosequendum* he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly"). Clearly, however, appellant was unavailable for trial during the brief period of time the federal *ad prosequendum* writ was in effect, as well as any other time directly attributable to its execution. See Stewart, 7 F.3d at 390.

No provision of Code § 19.2-243 explicitly provides that the non-availability of an accused due to a federal *ad prosequendum* writ tolls the running of that statute. However, provisions of Code § 19.2-243 implicitly reflect that the statutory clock may be tolled due to the non-availability of the accused or material witnesses not attributable to either the accused or the Commonwealth. See Baity, 16 Va. App. at 502, 431 S.E.2d at 894. Similar to the enumerated statutory tolling provisions, the transfer of an incarcerated accused, held without bond by state authorities, to the physical custody of federal authorities pursuant to a federal *ad prosequendum* writ renders the accused unavailable for trial, due to "circumstances beyond the control of the trial judge and parties," id., during such time period as he is subject to the writ.

We find, therefore, that Code § 19.2-243 implicitly provides that the non-availability of an incarcerated accused, temporarily loaned to the physical custody of federal authorities pursuant to an *ad prosequendum* writ tolls the running of its time provisions during the time period the federal writ is operative. Once the terms of the federal *ad prosequendum* writ have been fulfilled, the

incarcerated accused's unavailability by reason of the federal writ ends, and the statutory clock resumes running.

From the record before us, we conclude that appellant was unavailable for trial on October 20, 2004. Hence, the trial court did not err in tolling the running of Code § 19.2-243's time clock on that date. However, the record contains no documentation or other evidence to support the avowals of the trial court and the Commonwealth, contested by defense counsel,[3] that appellant remained in the custody "of the feds," and, therefore, unavailable for trial between October 21, 2004 and November 4, 2004, the scheduled trial date.

The only document in the record related to appellant's alleged federal custody is a copy of the federal *ad prosequendum* writ, the terms of which require appellant's presence in federal court on October 20, 2004, and further provide that, at the conclusion of that hearing, appellant be returned "forthwith" to the Commonwealth. No documentation, such as jail logs from Riverside and Northern Neck Regional Jails reflecting when federal authorities removed appellant from the Commonwealth's physical custody, or when and where he was returned to the Commonwealth's physical custody, is included in the record presented to us for review. Also lacking in the record are copies of federal court records confirming the date, or establishing any additional dates, appellant was required to appear in federal court pursuant to the October 20, 2004 federal *ad prosequendum* writ. Furthermore, the Commonwealth provided no evidence of its attempts to locate appellant, or of its efforts to transport him to the trial court for his scheduled November 4, 2004 trial date.

"An appellate court must dispose of the case upon the record and cannot base its decision upon . . . statements of counsel in open court." Smith v. Commonwealth, 16 Va. App. 630, 635,

---

[3] Compare Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977) (holding that a "unilateral avoval of counsel, if unchallenged, . . . constitutes a proper proffer").

432 S.E.2d 2, 6 (1993) (citing Riddick v. Commonwealth, 135 Va. 724, 726, 115 S.E. 523, 524 (1923)). Appellant may, in fact, have been unavailable for trial as a result of the execution of the federal *ad prosequendum* writ for a period greater than one day, here October 20, 2004. However, the record in this case lacks any proof beyond the avowals of counsel and the trial court that "the feds have him." Because we "may act only upon facts contained in the record," id., and not upon the unsupported statements of counsel and the trial court, we find the "record is insufficient to sustain the Commonwealth's burden," Godfrey, 227 Va. at 465, 317 S.E.2d at 784, of proving appellant's non-availability for trial during the time period between October 21, 2004, the day following appellant's required presence in federal court pursuant to the federal *ad prosequendum* writ, and November 4, 2004, the initial trial date.

While we have determined from this record that the trial court did not err in finding appellant was not available for trial on October 20, 2004 and holding that the statute was tolled on that day, we conclude the trial court did err in finding that the period from October 21, 2004 to November 4, 2004 was tolled pursuant to Code § 19.2-243. Accordingly, we hold that Code § 19.2-243 required the Commonwealth to commence appellant's trial on or before December 7, 2004.

### III. AVAILABILITY FOR TRIAL: NOVEMBER 4, 2004 – DECEMBER 9, 2004

The record demonstrates that, at trial, the Commonwealth conceded the 35-day time period between November 4, 2004 and December 9, 2004 was not tolled under Code § 19.2-243. On appeal, however, the Commonwealth argues its concession at trial was incorrect as a matter of law because appellant continued to be unavailable for trial since he was in federal custody at Northern Neck Regional Jail. While we are not bound by the Commonwealth's concessions of law, see Epps v. Commonwealth, 47 Va. App. 687, 703, 626 S.E.2d 912, 919 (2006) (en banc) (citing Tuggle v.

Commonwealth, 230 Va. 99, 111 n.5, 334 S.E.2d 838, 846 n.5 (1985)), we conclude from this record that the Commonwealth's concession at trial was not error.

On November 4, 2004, the trial court specifically directed the Commonwealth to locate appellant and to secure his appearance for his December 9, 2004 trial date. The record also demonstrates, however, that the prosecutor "neglected to check on [appellant's whereabouts]." At the January 13, 2005 hearing on appellant's motion to dismiss, the Commonwealth conceded that "there is no question that between November 4th and the new trial date on December 8th [sic] [the Commonwealth] did not check as to whether or not the defendant was returned to Riverside or remained at the Northern Neck Regional Jail." Thus, the prosecutor stated, "the time period between the November 4th and December 8th [sic] date should clearly go against the Commonwealth because . . . at that point [the Commonwealth] could have done the writ of habeas corpus." We agree.

"It is the duty of officers charged with the responsibility of enforcing the criminal laws of the Commonwealth to prepare for and obtain a trial of an accused within [the statutorily mandated time period]." Flanary v. Commonwealth, 184 Va. 204, 210-11, 53 S.E.2d 135, 138 (1945). The Commonwealth's unexplained non-compliance with the trial court's order to locate appellant and to secure his presence for trial constitutes a failure by the Commonwealth to secure a speedy trial for appellant pursuant to Code § 19.2-243.

Moreover, nothing in the record indicates that appellant was unavailable for trial between November 4, 2004 and December 9, 2004. The trial court retained the power to retrieve appellant from any penal institution in the Commonwealth. See Knott v. Commonwealth, 215 Va. 531, 533, 211 S.E.2d 86, 87 (1975).

We conclude that the Commonwealth failed to prove appellant's non-availability for trial during the November 4, 2004 to December 9, 2004 time period.

CONCLUSION

Because the Commonwealth failed to commence trial on or before December 7, 2004 as required by Code § 19.2-243, the trial court erred in denying appellant's motion to dismiss the indictments for failure to try him within the statutorily mandated time period. Accordingly, we reverse the judgment of the trial court and dismiss the indictments.

Having concluded the Commonwealth failed to commence appellant's trial pursuant to Code § 19.2-243's time limitation, it is not necessary for us to address appellant's contention that the trial court erroneously tolled the December 9, 2004 through January 13, 2005 time period. Likewise, we need not address whether appellant's constitutional right to a speedy trial was violated.

<u>Reversed and dismissed.</u>