COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Kelsey and Senior Judge Coleman


WESTON M. SIGSBY

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 3039-06-2              JUDGE D. ARTHUR KELSEY
                                              MARCH 18, 2008
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                           John W. Scott, Jr., Judge

                 (Joseph E. Hicks; Jarrell, Hicks & Sasser, P.C., on
                 briefs), for appellant.  Appellant submitting on briefs.

                 (Robert F. McDonnell, Attorney General; Karen
                 Misbach, Assistant Attorney General, on brief), for
                 appellee.  Appellee submitting on brief.


        A jury convicted Weston M. Sigsby of two counts of carnal knowledge of a thirteen-year-

old girl.  Prior to trial, Sigsby moved to dismiss the charges as violative of his speedy trial rights

under Code § 19.2-243.  The trial court denied his motion and proceeded to trial.  Sigsby argues

on appeal that the trial court erred in not dismissing the charges.  We disagree and affirm his

convictions.

                                            I.

        Sigsby appeared for a preliminary hearing in the juvenile and domestic relations district

court on September 7, 2005.  The court found probable cause, and a grand jury later returned two

indictments against Sigsby.  The circuit court scheduled a jury trial for January 26, 2006.  On

that day, the court conducted *voir dire* but was unable to impanel a jury because the venire pool

was not large enough to accommodate the for-cause and peremptory strikes.  The court released

the venire and asked counsel to choose another trial date.  The prosecutor asked the court to

continue the case to February 8, 2006.  "That's fine," Sigsby's counsel stated.  Acknowledging

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that the inability to impanel a jury was "not the Commonwealth's fault," Sigsby's counsel asked for him to be released from custody on bond. The court denied the request and continued the trial to February 8. At no point did Sigsby's counsel object to the continuance.

The circuit court entered a "Continuance Order" which explained that the trial did not go forward on January 26, necessitating a continuance of the trial to February 8. The order noted no objection by Sigsby to the continuance but also acknowledged that he did not expressly waive his "speedy trial rights."

On February 8, pursuant to a previously filed motion, Sigsby's counsel argued that the charges should be dismissed because the speedy trial deadline for trying the case had expired on February 7. In response, the prosecutor asserted that Sigsby's counsel calculated the deadline incorrectly. Five months from the day after the preliminary hearing would be February 8, the prosecutor pointed out. The prosecutor also argued that, in any event, the five-month period should not include the continuance period from January 26 to February 8 given the excusable nature of the delay and the lack of any objection from Sigsby to the continuance. While Sigsby's counsel "didn't agree to waive his speedy trial rights," the prosecutor contended, his counsel "did concur with this new trial date" and thus excluded the continuance period from the calculation of the speedy trial deadline.

The circuit court denied the motion to dismiss, holding that the speedy trial statute used "months" not "days" in the five-month calculation for trying defendants in continuous custody. Five months from the day after the preliminary hearing would place the deadline squarely on February 8, the day of trial. The court also held that, in any event, the period between January 26 and February 8 did not count toward the time allotment given the circumstances surrounding the continuance. That tolling would, under any scenario, place the February 8 trial date within the speedy trial deadline.

For unrelated reasons, the case was again continued for trial. Sigsby was granted bond and released from custody. His jury trial took place within the nine-month deadline applicable under Code § 19.2-243 to trials of defendants not in continuous custody. The jury found Sigsby guilty, and he appeals to us arguing that the trial court erred in denying his motion to dismiss.

II.

The speedy trial statute, Code § 19.2-243, requires a defendant held in continuous custody to be tried within "five months" from the date of his preliminary hearing if one is held prior to indictment. The five-month period begins to run on the day after the preliminary hearing. See Robinson v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998) (citing Randolph v. Commonwealth, 22 Va. App. 334, 335, 470 S.E.2d 132, 133 (1996)).

The circuit court reasoned that the word "months" in Code § 19.2-243 means calendar months, as required by Code § 1-223 (providing that "'Month' means a calendar month"). See also Code § 1-202 (applying the "definitions set forth in this chapter" to the entire Code). For quite a long time, however, our cases have held that the five-month period in the speedy trial statute "translates to 152 and a fraction days." Jiron-Garcia v. Commonwealth, 48 Va. App. 638, 645, 633 S.E.2d 744, 747 (2006) (quoting Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995)). We need not consider this month-*qua*-month issue, however, because neither of the two competing methods of calculating the five-month deadline would result in a violation of Sigsby's statutory speedy trial rights.

Code § 19.2-243(4) specifically provides that the "provisions of this section shall not apply to such period of time as the failure to try the accused was caused . . . [b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, *or by the failure of the accused or his counsel to make a timely objection* to such a motion by the attorney for the

- 3 -

Commonwealth . . . ." (Emphasis added). See generally Hudson v. Commonwealth, 267 Va. 36, 41, 591 S.E.2d 679, 681-82 (2004).

The italicized language, added in 1995 to the statute, excludes a continuance period from the speedy trial period if the defendant or his counsel fails to make a timely objection to the continuance. See 1995 Va. Acts, cc. 37, 352.[1] Here, neither Sigsby nor his counsel made any timely objection to the continuance during the hearing or on the court's continuance order. The continuance period from January 26 to February 8, therefore, is not included in calculating the five-month period. See, e.g., Commonwealth v. Gregory, 263 Va. 134, 144, 557 S.E.2d 715, 720-21 (2002); McCray v. Commonwealth, 44 Va. App. 334, 344-45, 605 S.E.2d 291, 295-96 (2004); Bailey v. Commonwealth, 38 Va. App. 794, 802, 568 S.E.2d 440, 444 (2002).

We acknowledge that Sigsby did not expressly "waive" his speedy trial rights, as the continuance order correctly noted. But the issue is not whether he waived his statutory speedy trial rights, but what rights he had in the first place. Acquiescing to a continuance and generally waiving one's speedy trial rights are two "separate and distinct" concepts. Mitchell v. Commonwealth, 30 Va. App. 520, 529, 518 S.E.2d 330, 334 (1999). "A continuance has the effect of excluding the time for the delay from the period attributable to the Commonwealth. A waiver, however, foregoes the accused's right to assert the speedy trial statute as a bar to prosecution notwithstanding the effect of the statute." Id.

Code § 19.2-243 makes this point clear by stating the "provisions of this section shall not apply to such period of time" caused by various types of excusable delays, including continuances to which the defendant does not object. Because Sigsby did not object to the continuance from January 26 to February 8, the speedy trial statute by its own terms did not

---

[1] The 1995 amendment to the speedy trial statute legislatively overturned our holding in Pittman v. Commonwealth, 10 Va. App. 693, 395 S.E.2d 473 (1990), which held that a continuance granted to the Commonwealth without objection by the defendant did not toll the statutory period under the speedy trial statute.

apply to that period. It necessarily follows that Sigsby could not preserve a right he never had by simply refusing to waive it.[2]

III.

Because the circuit court did not err in denying Sigsby's motion to dismiss his charges as violative of his speedy trial rights under Code § 19.2-243, we affirm his convictions.

Affirmed.

---

[2] Given our ruling, we need not decide whether the continuance period would have been tolled even if the express exception in Code § 19.2-243(4) had been rendered inapplicable by a timely objection to the continuance. See generally Hudson, 267 Va. at 41, 591 S.E.2d at 682 (holding that "the exceptions stated in the statute are not meant to be all-inclusive, and other exceptions of a similar nature are implied"). We also do not address the constitutional right to a speedy trial, as Sigsby concedes it does not apply. See generally Reed v. Farley, 512 U.S. 339, 353 (1994) ("A showing of prejudice is required to establish a violation of the Sixth Amendment Speedy Trial Clause, and that necessary ingredient is entirely missing here.").