COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


STEVEN ALBERT WITHEE

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2129-07-3            CHIEF JUDGE WALTER S. FELTON, JR.
                                                         NOVEMBER 4, 2008
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
                                  Teresa M. Chafin, Judge

              Charles A. Stacy (The Charles A. Stacy Law Office & Personal
              Injury Center, P.L.L.C., on brief), for appellant.

              Richard B. Smith, Special Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


       Following a jury trial, Steven Albert Withee ("appellant") was convicted of attempted

rape, in violation of Code § 18.2-61, and aggravated sexual battery, in violation of Code

§ 18.2-67.3, of his nine-year-old niece, S.[1]  On appeal, he contends the trial court erred by

allowing the investigating officer to testify that during her investigation she did not believe S.

was lying, by allowing S. to testify regarding other sexual acts appellant committed on her

occurring outside the time frame set out in the bill of particulars, and by granting continuances,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was initially arrested for forcible sodomy on February 8, 2004.  Following a
preliminary hearing on March 25, 2004, that charge was certified to a grand jury.  On May 18,
2004, a grand jury returned a five-count indictment charging appellant with forcible sodomy,
attempted rape, aggravated sexual battery, taking indecent liberties with a child, and criminal
solicitation.  The forcible sodomy charge was dismissed by the trial court on appellant's motion
to strike the Commonwealth's evidence.  At the Commonwealth's request, the trial court *nolle
prosequied* the taking indecent liberties with a child and the criminal solicitation charges.  Only
the attempted rape and aggravated sexual battery convictions arising out of the May 18, 2004
indictment are before us on appeal.

not agreed to by appellant, which resulted in his trial commencing outside of the time limits required by Code § 19.2-243. For the following reasons, we affirm the judgment of the trial court.

"Under familiar principles of appellate review, we view the evidence and all reasonable inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the party that prevailed below." Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877 (2003).

So viewed, the evidence established that, during the early morning hours of February 8, 2004, appellant, who resided with his sister M. ("mother") and her two daughters, entered the bedroom of his nine-year-old niece, S. There he sexually assaulted and attempted to rape her. Around that time, S.'s twelve-year-old sister, A.S., with her friend, walked by S.'s bedroom and saw appellant in S.'s bed. They closed the bathroom door loudly, and appellant immediately left S.'s room. A.S. then took S. from her room and, contemporaneously, wrote S.'s description of what had just happened on a piece of paper. Shortly before noon, S. and A.S. told mother what had happened. Mother took S. to the hospital where a physical examination revealed findings consistent with S.'s description of what appellant had done to her. Appellant was arrested later that day and held continuously without bond until his trial commenced thirty-two months later. Appellant was convicted of attempted rape and aggravated sexual battery of S. This appeal followed.

I. LAY OPINION TESTIMONY

Appellant contends the trial court erred in permitting the investigating officer to testify, in response to a question from the prosecutor, that she did not believe S. was lying during her investigation of S.'s accusations.

At trial, appellant cross-examined the law enforcement officer who initially interviewed S. regarding her investigative and interview techniques. She answered, "Yes," when he asked if

children ever lied to her while she was investigating a child sexual abuse case. On re-direct, the prosecutor asked the investigating officer, "Do you think [S.] is lying," to which the officer replied, "No, sir, I do not." Appellant objected that the prosecutor's question asked the witness to give an impermissible "opinion as to the ultimate issue of fact."[2] The trial court overruled his objection. Thereafter, in the presence of the jury, appellant acknowledged that the officer's opinion that S. was not lying "was verified in the warrant she obtained." Moreover, during his re-cross, appellant examined the officer regarding the basis of her opinion.

Assuming without deciding that the trial court erred in allowing the prosecutor to ask the officer if she thought S. was lying, we nevertheless conclude that any such error was harmless. "When it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be . . . reversed . . . for any error committed on the trial." Code § 8.01-678. "In a criminal case, it is implicit that, in order to determine whether there has been 'a fair trial on the merits' . . . a reviewing court must decide whether the alleged error substantially influenced the jury. If it did not, the error is harmless." Clay v. Commonwealth, 262 Va. 253, 259, 546 S.E.2d 728, 731 (2001) (adopting the federal test for nonconstitutional error as enunciated in Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)).

We conclude from our review of the record on appeal that the evidence of appellant's guilt presented to the jury was overwhelming. Prior to the officer's testimony, S. had previously testified about what appellant had done to her.[3] At appellant's request, the trial court admitted the entire preliminary hearing transcript into evidence. That transcript included S.'s entire

---

[2] The ultimate issue of fact in a criminal case is whether the accused committed the elements of the crime. See Nicholas v. Commonwealth, 91 Va. 741, 750, 21 S.E. 364, 367 (1895).

[3] The officer was not present in the courtroom while S. testified.

testimony at the preliminary hearing, which was consistent with her testimony at trial, describing appellant's sexual assault on her. S.'s sister, A.S., told the jury that she saw appellant in S.'s bed under her covers on February 8, 2004. Without objection, the trial court admitted into evidence, and A.S. read to the jury, her handwritten note of S.'s description of the events that had just occurred in her room. The doctor who examined S. at the hospital on the day the events occurred testified that his examination revealed physical evidence consistent with S.'s testimony regarding appellant's sexual acts on her. Forensic evidence showed that a DNA sample extracted from near the zipper area inside the pants appellant was wearing while he was in S.'s bedroom contained a mixture of both appellant's and S.'s DNA.

From the record before us, we conclude that it plainly appears that appellant had a fair trial and the jury's verdict was not substantially affected by the admission of testimony that the investigating officer did not believe S. was lying. Accordingly, we conclude any error on the part of the trial court in permitting the investigating officer to testify that she believed S. was not lying was harmless error.

## II. BILL OF PARTICULARS

Appellant also contends the trial court erred in allowing S. to testify regarding other sexual acts appellant committed on her on dates other than February 8, 2004, the date set out in the bill of particulars, arguing he "was unable to adequately prepare a rebuttal at trial." Appellant's argument is without merit.

"'The purpose of a bill of particulars is to state sufficient facts regarding the crime to inform an accused in advance of the offense for which he is to be tried. He is entitled to no more.'" Swisher v. Commonwealth, 256 Va. 471, 480, 506 S.E.2d 763, 768 (1998) (quoting Hevener v. Commonwealth, 189 Va. 802, 814, 54 S.E.2d 893, 899 (1949)).

Here, the indictment charged that "[o]n or about September 1, 2003 through February 8, 2004," appellant attempted to rape S., in violation of Code § 18.2-61, and committed aggravated sexual battery of S., in violation of Code § 18.2-67.3. Thereafter, in response to appellant's motion for a bill of particulars, the Commonwealth notified appellant that "[t]he specific time of day when each alleged offense took place is between midnight and 6:00 a.m. on or about February 8, 2004." During his cross-examination of S., appellant read aloud portions of S.'s testimony from the preliminary hearing and asked her questions pertaining to that testimony. Thereafter, at appellant's request, the trial court admitted the entire preliminary hearing transcript into evidence, which included S.'s testimony describing appellant's sexual assaults occurring on days other than February 8, 2004. Appellant then asked that "it be circulated for the jury's consideration at this time." In response to the prosecutor's questions on re-direct, S. testified that "[i]t was like every week-end almost" since appellant moved in that he sexually assaulted her.

> "It is a well settled and obviously *sound general rule that an objection to evidence cannot be availed of by a party who has*, at some other time during the trial, voluntarily elicited the same evidence, or has *permitted it to be brought out by his adversary without objection*. The rule finds its most frequent application in cases where the party making the objection *afterwards* introduces the same evidence, but it is properly and logically applicable in any case, regardless of the order of introduction, if the party who has brought out the evidence in question, or who has permitted it to be brought out, can be fairly held responsible for its presence in the case."

Burns v. Stafford County, 227 Va. 354, 363-64, 315 S.E.2d 856, 862 (1984) (quoting Whitten v. McClelland, 137 Va. 726, 741, 120 S.E. 146, 150 (1923)).

By offering the entire preliminary hearing transcript into evidence without limitation as to its use, appellant waived any objection to the Commonwealth's use of that transcript, including eliciting S.'s testimony of incidents of sexual abuse beyond those stated in the bill of particulars. Accordingly, we find no error on the part of the trial court in allowing the prosecutor to question

S. about appellant's sexual assault on her on dates other than that specified in the bill of particulars.

### III. SPEEDY TRIAL

Appellant further contends the trial court erred in granting continuances to which he did not agree, causing his trial to commence outside the time frame imposed by Code § 19.2-243.[4] Whether to grant a continuance is within the sound discretion of the trial court. Stockton v. Commonwealth, 227 Va. 124, 141, 314 S.E.2d 371, 382 (1984). We conclude that the trial court did not abuse its discretion in granting the continuances and that it did not err in concluding that appellant's trial was commenced within the time requirements of Code § 19.2-243.

Code § 19.2-243 provides, in pertinent part, that an accused held continuously in confinement awaiting trial on an offense "shall be forever discharged from prosecution for such offense if no trial is commenced . . . within five months . . . from the date an indictment . . . is found . . . ." "The five month requirement of Code § 19.2-243 translates to 152 and a fraction days." Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d 401, 403 (1995). "Any delays that are chargeable to the defendant are subtracted from the total number of days that elapse from the day after the finding of probable cause to the commencement of trial." Robinson v. Commonwealth, 28 Va. App. 148, 152, 502 S.E.2d 704, 706 (1998). "'[T]he burden is on the Commonwealth to explain the delay.'" Powell v. Commonwealth, 29 Va. App. 745, 748, 514 S.E.2d 785, 787 (1999) (quoting Godfrey v. Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984)). "To avoid the statutory remedy of discharge from prosecution, '[t]he

---

[4] Appellant, for the first time on appeal, also contends his constitutional right to speedy trial has been violated. Rule 5A:18 provides, "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." This Court "will not consider an argument on appeal [that] was not presented to the trial court. Rule 5A:18 applies to bar even constitutional claims." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998) (citations omitted).

Commonwealth must prove that the delay was based on "one of the reasons enumerated in [Code § 19.2-243] or on [the accused's] waiver, actual or implied, of his right to be tried within the designated period.""" Id. (quoting Baker v. Commonwealth, 25 Va. App. 19, 22, 486 S.E.2d 111, 113, aff'd on reh'g en banc, 26 Va. App. 175, 493 S.E.2d 687 (1997)) (alterations in original). "In assessing the merits of appellant's statutory speedy trial claim, we 'review . . . the whole record and . . . consider[] . . . the trial court['s] orders in the context of the record that comes before us.'" Jiron-Garcia v. Commonwealth, 48 Va. App. 638, 645-46, 633 S.E.2d 744, 748 (2006) (quoting Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993)) (alterations in original).

Appellant's trial on the May 18, 2004 indictment charging attempted rape and aggravated sexual battery was initially set to commence on September 10, 2004. On August 6, 2004, the trial court granted a continuance to October 25, 2004 on the joint motion of the Commonwealth and appellant's then counsel ("Appellant Counsel 1"). Thereafter, appellant sent a *pro se* motion to the trial court asking it to dismiss the indictment for lack of speedy trial under Code § 19.2-243, which the trial court rejected.[5] Over appellant's objection, the trial court also granted the Commonwealth's motion for a continuance from March 27, 2006 to June 20, 2006 because the late term pregnancy of a material witness prevented her from being able to attend court to testify.[6] The trial court granted several additional continuances on the joint motion of the Commonwealth and appellant.[7] The trial commenced on October 3, 2006.

---

[5] The trial court advised appellant that because he was represented by counsel it would not consider his *pro se* motion.

[6] The Commonwealth's witness was unavailable to appear in court because her doctor had ordered bed rest for her.

[7] While the record on appeal regarding these time periods is unclear, appellant's opening brief states that, following the initial continuance objected to by the appellant *pro se*, the trial date was "agreeably continued several times for matters not pertinent to this appeal until it was

Appellant argues that the periods of delay which he attributes to the Commonwealth violate the statutory speedy trial period of 152 and a fraction days, and thus the charges against him should be dismissed. He claims that the trial court "erred" in granting two continuances over his objection, i.e., from August 6, 2004 to October 25, 2004 (a period of 80 days) and from March 27, 2006 to June 20, 2006 (a period of 85 days), and that this delay of 165 days is counted against the Commonwealth.

Appellant argues that, prior to the August 6, 2004 joint continuance granted on the request of the Commonwealth and Appellant Counsel 1, he "had previously written [Appellant Counsel 1] and asked that continuances not be sought."[8]

We note that the time requirements imposed by Code § 19.2-243 do "not apply to such period of time as the failure to try the accused was caused . . . [b]y continuance granted on the motion of the accused *or his counsel* . . . ." Code § 19.2-243 (emphasis added). See Shearer v. Commonwealth, 9 Va. App. 394, 402, 388 S.E.2d 828, 832 (1990) (defense counsel may request or concur in continuance without consent or presence of defendant and defendant will be bound by that request). To hold otherwise would undermine the "orderly administration of justice," which "requires that tactical matters, such as continuances, be left with counsel." Stockton, 227 Va. at 141, 314 S.E.2d at 382.

We conclude that the trial court did not abuse its discretion by granting the continuance from August 6, 2004 to October 25, 2004 on the joint request of the Commonwealth and appellant's counsel. Accordingly, the trial court properly excluded the eighty (80) day delay attributable to that continuance from the statutory period.

_____

set for trial on October 3, 2006." Appellant does not assert that the delay attributable to these continuances is chargeable to the Commonwealth under Code § 19.2-243.

[8] The record contains no written request by appellant to Appellant Counsel 1 asking that no continuances be sought.

Appellant also argues that the trial court erred in not charging the Commonwealth with the delay attributable to a continuance from March 27, 2006 to June 20, 2006 due to the unavailability of a material witness for the Commonwealth as a result of her doctor's ordering her to be on bed rest during the final stages of her pregnancy. We disagree.

Code § 19.2-243(2) provides that any delay caused by a "witness[] for the Commonwealth being . . . prevented from attending [trial] by sickness or accident" is excluded from the statutory speedy trial period. Our Supreme Court has held that "the exceptions stated in the statute are not meant to be all-inclusive, and other exceptions of a similar nature are implied." Hudson v. Commonwealth, 267 Va. 36, 41, 591 S.E.2d 679, 682 (2004). The trial court did not err in concluding that the witness' unavailability resulting from doctor-ordered bed rest falls within the exception of the statute. Accordingly, the trial court properly excluded from the statutory period the eighty-five (85) day delay attributable to the continuance from March 27, 2006 to June 20, 2006.

From this record, we conclude that appellant's assertion that the trial court abused its discretion in granting a continuance agreed to by his counsel, and an additional continuance due to the unavailability of a material witness for the Commonwealth, is without merit. Accordingly, we conclude that the trial court did not err in finding that appellant's trial commenced within the time requirements imposed by Code § 19.2-243.

For the foregoing reasons, we affirm appellant's convictions.

<u>Affirmed.</u>