COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Annunziata
Argued at Richmond, Virginia


ROBERT WAYNE WYANT
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0541-08-2                       JUDGE LARRY G. ELDER
                                                        DECEMBER 30, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                            Cheryl V. Higgins, Judge

          Scott Goodman for appellant.

          Gregory W. Franklin, Assistant Attorney General (Robert F.
          McDonnell, Attorney General, on brief), for appellee.


        A jury convicted Robert Wayne Wyant (appellant) of second-degree felony murder and

felony child abuse.  On appeal, he contends that the trial court erred in denying his motion to

dismiss the indictments on the ground that his statutory right to a speedy trial was violated

pursuant to Code § 19.2-243.  Because appellant, by counsel, acquiesced or failed to object to

each continuance, we affirm the judgment.

        Pursuant to Code § 19.2-243, "[i]f an indictment or presentment is found against the

accused" and "he is held continuously in custody thereafter," the charges against him "shall be

forever discharged from prosecution . . . if no trial is commenced in the circuit court within five

months from the date of [his arrest]."  "The five month requirement of Code § 19.2-243

translates to 152 and a fraction days."  Ballance v. Commonwealth, 21 Va. App. 1, 6, 461 S.E.2d

401, 403 (1995).  If the accused is not tried within this time period, "the burden is on the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth to explain the delay." Godfrey v. Commonwealth, 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984). The accused's right to a speedy trial is not violated if the Commonwealth can "prove that the delay was based on 'one of the reasons enumerated in [Code § 19.2-243] or on [the accused's] waiver, actual or implied, of his right to be tried within the designated period.'" Powell v. Commonwealth, 29 Va. App. 745, 748, 514 S.E.2d 785, 787 (1999) (quoting Baker v. Commonwealth, 25 Va. App. 19, 22, 486 S.E.2d 111, 113, aff'd on reh'g en banc, 26 Va. App. 175, 493 S.E.2d 687 (1997)).

"In assessing the merits of appellant's statutory speedy trial claim, we 'review . . . the whole record and . . . consider[] . . . the trial court['s] orders in the context of the record that comes before us.'" Jiron-Garcia v. Commonwealth, 48 Va. App. 638, 645-46, 633 S.E.2d 744, 748 (2006) (quoting Baity v. Commonwealth, 16 Va. App. 497, 503, 431 S.E.2d 891, 895 (1993) (en banc)). Thus, we may only act upon the facts contained in the record and not upon the unsupported statements of the parties and trial court. See Powell, 29 Va. App. at 749, 514 S.E.2d at 787 ("'The testimony of witnesses cannot stand in lieu of findings and rulings of the trial judge entered of record.'" (quoting Adkins v. Commonwealth, 13 Va. App. 519, 522, 414 S.E.2d 188, 189 (1992))). However, "the appellant has the responsibility of providing us with an adequate record." Robinson v. Commonwealth, 28 Va. App. 148, 155, 502 S.E.2d 704, 708 (1998).

The parties agree that the five-month period commenced on February 9, 2007, the date appellant was arrested on the indictments. See Code § 19.2-243 ("If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five . . . month period[] . . . shall commence to run from the date of his arrest thereon."). Further, there is no dispute that appellant was held continuously from his arrest on February 9, 2007, to the commencement of his trial on November 13, 2007.

Appellant argues that he never made a "clear and unequivocal waiver of his speedy trial rights" because he was not present in the courtroom when his defense counsel waived speedy trial. The Commonwealth contends that the waiver of speedy trial is subject to the control of defense counsel to the extent that a criminal defendant should be bound by his attorney's representations in court whether or not the defendant is present. The Commonwealth points to the language of Code § 19.2-243(4) which tolls the statutory clock based on actions taken by the accused "or his counsel." We agree with the Commonwealth that appellant's statutory speedy trial right under Code § 19.2-243 was not violated. We need not determine whether appellant waived his statutory right to speedy trial because the record reflects conduct on behalf of appellant and his counsel that conforms his November 13, 2007 trial date to the time requirement imposed by Code § 19.2-243.

Code § 19.2-243 provides that it "shall not apply to such period of time as the failure to try the accused was caused," *inter alia*,

> By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth, or by reason of his escaping from jail or failing to appear according to his recognizance[.]

"[T]he exceptions stated in the statute are not meant to be all-inclusive, and other exceptions of a similar nature are to be implied." Hudson v. Commonwealth, 267 Va. 36, 41, 591 S.E.2d 679, 682 (2004). "Any delays that are chargeable to the defendant are subtracted from the total number of days that elapse from the day after the finding of probable cause to the commencement of trial." Robinson, 28 Va. App. at 152, 502 S.E.2d at 706. Since the 1995 amendment to Code § 19.2-243, a "defendant's failure to object to the court's action in fixing the trial date is an acquiescence in the fixing of the trial date beyond the five-month speedy trial

period and constitutes a continuance of the trial date under Code § 19.2-243(4)." Heath v. Commonwealth, 261 Va. 389, 394, 541 S.E.2d 906, 909 (2001). A criminal defendant's statutory right to speedy trial is not violated when he "affirmatively agree[s] to [a] trial date beyond the time period prescribed by the statute." Hudson, 267 Va. at 42, 591 S.E.2d at 682.

The transcripts in the record show that on April 2, 2007, appellant's counsel, Nicholas Reppucci, requested a continuance until June 4, 2007. Even though appellant was not present at the hearing, he is "bound by counsel's assent to the delay." Shearer v. Commonwealth, 9 Va. App. 394, 402, 388 S.E.2d 828, 832 (1990). Moreover, appellant acquiesced to this continuance at the May 23 bond hearing when he failed to object to Reppucci's agreeing to a limited waiver of speedy trial to the next docket call on June 4, 2007.[1] See Robinson, 28 Va. App. at 154, 502 S.E.2d at 707 (noting that the General Assembly amended Code § 19.2-243 in 1995 so that failure to make a timely objection tolls the statutory clock). Thus, the time between the April 2 docket call and June 4 docket call is tolled and not counted towards the 152-day requirement.

On June 4, 2007, Lacey Parker appeared on behalf of appellant, who was not present. Acting at Reppucci's behest, Parker—whom appellant claims never to have met—requested another continuance and agreed with the trial court to set the trial date for November 13, 2007, well outside the 152-day deadline. A defendant effectively requests a continuance when he agrees to a "trial date . . . set beyond the time period prescribed by statute." Hudson, 267 Va. at 42, 591 S.E.2d at 682; see Commonwealth v. Hutchins, 260 Va. 293, 297-98, 533 S.E.2d 622, 625 (2000). While there is no court order memorializing this representation, the transcript makes

---

[1] In the context of the statutory right to speedy trial, a limited waiver operates much like a continuance in that it tolls the clock for a finite period of time. See Mitchell v. Commonwealth, 30 Va. App. 520, 529, 518 S.E.2d 330, 334 (1999) ("A limited waiver, by its terms, will limit or specify the period to which it applies.").

clear that Parker appeared on appellant's behalf to serve as his advocate, and appellant has not introduced any evidence that would nullify this attorney/client relationship.[2]  It is irrelevant that appellant was not present at the docket call because "[d]efense counsel may . . . request or concur in a continuance without the consent or presence of a defendant."  Shearer, 9 Va. App. at 402, 388 S.E.2d at 832; see McCray v. Commonwealth, 44 Va. App. 334, 342, 605 S.E.2d 291, 295 (2004) (emphasizing the language in Code § 19.2-243 that actions taken by "'the accused *or his counsel*'" may toll the statutory clock (emphasis added in McCray)); see also Stockton v. Commonwealth, 227 Va. 124, 141, 314 S.E.2d 371, 382 (1984) ("The orderly administration of justice requires that tactical matters, such as continuances, be left with counsel.").  Thus, appellant is bound by Parker's decision to schedule the trial beyond the 152-day requirement and that time is chargeable against him.

For these reasons, we affirm the judgment of the trial court.

Affirmed.

---

[2] Appellant's bare assertion that he did not consent to Parker's representation, if unsupported by the record, is an "insufficient basis to establish why the delay occurred."  Powell, 29 Va. App. at 750, 514 S.E.2d at 788.  While a "court speaks through its written orders," Robinson, 28 Va. App. at 155, 502 S.E.2d at 708, the transcripts in the record provide us with adequate facts on which to base our decision.